# King v. Ben F. Barbour Plumbing & Electric Co.

## Assumpsit.

(Decided May 18, 1911. 55 South. 1030.)

1. *Pleading; Sufficiency; Evidence.*—Where defendant sets up his discharge in bankruptcy, a replication merely alleging a new promise to pay the debt made after the discharge is sufficient; such replication need not set forth the evidence to prove the promise.

2. *Appeal and Error; Record; Questions Reviewable.*—Where the bill of exceptions does not disclose the findings of the trial court on the evidence, its action on the evidence is not reviewable under the provisions of section 7, Acts 1888-9, p. 800.

3. *Same; Exclusion of Evidence.*—The fact that the court excluded an instrument as evidence on the ground that it was not the proper time to offer it, cannot be made a ground of error because not indicating that the instrument would be excluded if offered at a time which the court regarded as appropriate.

4. *Trial; Order of Proof; Discretion of Court.*—The order of introduction of evidence is generally in the discretion of the trial court, and not revisable on appeal.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by the Ben F. Barbour Plumbing & Electric Company against C. W. King on the common counts. From a judgment for plaintiff, defendant appeals. Affirmed.

The complaint contains the common counts, and also a count seeking to enforce a lien for work and labor

done and materials furnished in the erection, improvement, and beautification of a certain lot and residence thereon; the lien having been theretofore properly filed. The plea was the release and discharge of C. W. King in bankruptcy as against the alleged debt or demand sued on in this case; a copy of the discharge being made a part of the plea. The third plea is that the plaintiff has accepted in full accord and satisfaction of the alleged debt or demand sued on a note executed by such defendant to plaintiff in the sum of $319.89, under date of December 30, 1908, and that said defendant was discharged thereby from any further liability in that behalf except that assumed under said note. The replication to the second plea alleges a promise after discharge to pay the debt. The replication to plea 3 alleges that the discharge in bankruptcy discharged the note, and that after that happened, and after defendant was discharged in bankruptcy, the defendant renewed his promise to pay.

GASTON & PETTUS, for appellant. The court erred in overruling demurrer to the replications setting up the new promise.—*Torry v. Krauss*, 149 Ala. 202, and authorities there cited. The note was clearly admissible, as the only objection interposed was that it was not the proper time to introduce it. This was a specific ground which waived all others.—*McDaniel v. The State*, 97 Ala. 14; *A. G. S. v. Bailey*, 112 Ala. 176. The court erred in its findings.—*Ebersole v. Addington*, 156 Ala. 575.

THOMPSON & THOMPSON, for appellee. Counsel insists on authority cited that the bill of exceptions is not properly in the record, because not prepared and signed as required by law. It is further insisted that

the bill does not contain all the evidence nor purport to do so, and hence, the court will not review the facts.— *Hunt v. Johnson,* 96 Ala. 130; *Wadsworth v. Williams,* 101 Ala. 264. The bill does not show that any exception was reserved to the judgment or finding of the trial court.—*Hood v. Pioneer M. & M. Co.,* 95 Ala. 461; *Williams v. Woodward,* 106 Ala. 254; *Denson v. Gewitt,* 113 Ala. 608. The replications did not have to state the evidence on which the new promise was based and they were sufficient.

WALKER, P. J.—The plaintiff's special replication to the plea setting up defendant's discharge in bankruptcy alleged that, after such discharge, the defendant renewed his obligation to pay the debt sued on by again promising plaintiff that he would pay said debt. The only suggestion made in the argument of the counsel for the appellant as to the sufficiency of that replication is that it fails to set out the terms of the alleged promise with sufficient certainty, but merely avers the same as a conclusion of the pleader. It is questionable whether either of the grounds stated in the demurrer to that replication raises the objection that it was lacking in the requisite certainty in its allegations; but, assuming that the demurrer may be construed as presenting the objection which is stated in the argument, yet to sustain the objection would, in effect, involve the ruling that the pleader should have indicated or set out the evidence to be adduced to prove the making of the promise relied on. The replication plainly averred that, after his discharge in bankruptcy, the defendant made a new promise to pay the debt sued on. As mere matters of evidence need not be pleaded, it was not necessary for the replication to indicate how the making of the promise would be proved.—*Quarles v. Campbell,* 72 Ala. 64;

*Burns v. Reeves,* 127 Ala. 127, 28 South. 554. The further suggestion made in the argument of the counsel for the appellant in reference to the action of the court below in overruling the demurrer to the special replication to the third plea is subject to a similar criticism. There was no error in overruling the demurrers to the two special replications.

When the plaintiff closed its testimony, the defendant himself was the first witness examined in his behalf. At the beginning of his testimony, he referred to a note which he had given to the plaintiff to close his account, and, in that connection, his counsel offered the note in evidence. The plaintiff objected to the introduction of the note in evidence on the sole ground that "it is not the proper time to offer the note." The defendant excepted to the action of the court in sustaining the objection, and assigns that ruling as error. It is to be observed that the objection went merely to the question of admitting the note in evidence at the time it was offered, and did not invoke a ruling of the court that the paper finally be excluded from the evidence. In support of the objection as made it may have been suggested in argument to the court that the counsel desired an opportunity to inspect the paper, or to cross-examine the witness in regard to it, before the question of its admissibility in evidence should be passed on by the counsel or the court. At any rate, the action of the trial court on such an objection or suggestion cannot properly be made a ground of error. The law does not so hamper a court in its direction of the course of a trial as to put it in fault for yielding to such a suggestion.

The order of introducing evidence is generally within the discretion of the trial court, and the exercise of that discretion is not revisable on appeal.—*Drum & Ezekiel v. Harrison,* 83 Ala. 384, 3 South. 715; *Lewis v. State,*

[Ritter, et al. v. Hoy.]

88 Ala. 11, 6 South. 755; *Towns v. Riddle*, 2 Ala. 697; 3 Wigmore on Evidence, § 1867. The ruling on such an objection did not indicate that the instrument would be excluded if offered at a time which the court regarded as more appropriate. The failure of the defendant to offer the note in evidence at a later stage of the trial indicates that he valued the exception he had reserved more highly than the evidence he had offered, as he did not venture to afford the court an opportunity to rule on the admissibility of the evidence on its merits.

As the bill of exceptions does not disclose any finding of the trial court on the evidence, its action in that regard is not presented for review, because of a noncompliance with the requirements of section 7 of the act to regulate the practice and proceedings of the circuit court of Jefferson county.—Acts 1888-89, pp. 797, 800; *Williams, Adm'r, v. Woodward Iron Co.*, 106 Ala. 254, 17 South. 517; *Morey v. Monk*, 142 Ala. 175, 38 South. 265; *Alosi v. Birmingham Waterworks Co., Infra*, 55 South. 1209.

Affirmed.