# Nixon *v.* Woodward.

*Assumpsit.*

(Decided December. 19, 1912.   60 South. 480.)

1. *Pleading; Conclusion.*—The allegation in a plea that there was a partnership agreement between plaintiff and defendant, was the mere statement of a legal conclusion of the pleader.

2. *Partnership; Plea; Sufficiency.*—Where the defense was that there was a partnership agreement between the parties, an allegation in the plea that such an agreement existed, and that there had been no accounting between them, was not sufficient, since no facts were alleged showing the existence of the partnership relation, and the fact that there had been no accounting. was but one element of the defense, the other element being the existence of the relation, which was not sufficiently pleaded.

3. *Appeal and Error; Harmless Error; Evidence.*—Where the action was on a note, and the plea was by way of set off of an indebtedness from plaintiff to defendant for the amount of a commission on the sale of an automobile, and the evidence showed that although plaintiff purchased the automobile through defendant as agent, the plaintiff paid its costs and by the terms of the agreement in pursuance of which he advanced the amount for which the note was given he was entitled to get the automobile at cost, plaintiff's testimony that he had not agreed to pay the defendant any commission was not prejudicial to him since it merely negatived the existence of a fact, the burden of proving which, was on defendant, and of the existence of which there was no evidence.

4. *Courts; Review of Finding; Presentation of Grounds.*—Where the bill of exceptions does not disclose any finding by the trial court on the evidence. the conclusions and judgment of the city court on the evidence will not be reviewed on appeal under the provisions of section 11, Acts 1888-9, p. 998.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Assumpsit by H. G. Woodward against C. C. Nixon. Judgment for plaintiff, and defendant appeals. Affirmed.

The action was on a promissory note. The following are the pleas referred to in the opinion :

"(3) ˙ Defendant avers that at and after the time of execution of the notes sued on there was a partnership

agreement between the plaintiff and the defendant; and defendant avers that, by virtue of the partnership agreement, plaintiff lent the defendant the sum of $1,000 to be used by him as a guaranty for the Pierce-Arrow Motor Car Company that he would pay his account with the company, and that by virtue of said agreement plaintiff was to further the sale of cars furnished by the Pierce-Arrow Motor Car Company, and to secure for himself a part of the proceeds derived from the sale of said car; and defendant avers that there has never been any accounting between himself and plaintiff with reference to said partnership, and that plaintiff should not recover because of the facts herein set forth.

"(4) Plaintiff should not recover in this case, for the reason that at the time of the execution of this note sued on there was in existence an agreement of partnership between plaintiff and defendant, and that said note sued on was given by defendant to plaintiff for the purpose of aiding to further the cause sought to be carried out by virtue of said partnership; and defendant avers that in furtherance of the common partnership cause money was loaned to defendant, for which the notes sued on were executed, and that after said notes were executed the partnership continued, and no accounting of said partnership has ever been had between the parties thereto."

The demurrers set up that the pleas are merely a conclusion of the pleader, and that no facts are set up showing a partnership, and that the facts stated do not, in law, show a partnership.

BLACK & DAVIS, for appellant. In pleading partnership the allegations should state the existence of the partnership as a fact.—30 Cyc. 589. One partner cannot maintain an action against his former partner un-

til there has been a settlement and a balance struck.—
*Phillips v. Lockart*, 1 Ala. 521. The pleas expressly
denied an accounting and set up the partnership as a
fact, and hence, were not subject to the demurrers inter-
posed. The court erred in permitting defendant to tes-
tify that he had not agreed to pay plaintiff any com-
mission, as it was not presented by the issues. Counsel
discuss and cite authority in support of their contention
that the court was in error in its findings on the facts,
but in view of the opinion it is not deemed necessary to
here set them out.

BAUGH & EMERSON, for appellee. Pleas 3 and 4 were
wanting in the necessary elements of the averment of
facts showing a partnership relation between the parties,
and hence, were subject to the demurrers interposed.—
*Myrant v. Martson, et al.*, 67 Ala. 543; *Hatchett v. Blan-
ton*, 72 Ala. 435; *Nelms v. McGraw*, 93 Ala. 245; *Gold-
smith v. Eichold*, 94 Ala. 116; *Pulliam v. Schimpf*, 14
South. 488. Counsel discuss the other assignments of
error and insist that the admission of the evidence com-
plained of was harmless, if error, and that the court
was correct in its findings on the facts.—*Ramsey v.
Smith*, 138 Ala. 335; *Rogers v. Brooks*, 99 Ala. 31; *Pat-
rick v. DeBardelaben*, 90 Ala. 13.

WALKER, P. J.—The averments of the third and
fourth pleas,.to the effect that there was a partnership
agreement between the plaintiff and the defendant,
showed only the pleader's legal conclusion, as the ques-
tion as to whether the agreement had that effect is one
of law for the court to pass upon when the terms of the
agreement are disclosed. It is plain that the fact averred
in each of those pleas of there having been no account-
ing between the plaintiff and the defendant was put

forward as only one element of the matter of defense sought to be set up to this action on a promissory note, another essential element of which defense was the fact of the .existence of a partnership relation between the parties. The demurrers to those pleas pointed out their failure to show by appropriate averments of facts the existence of that relationship; and the court did not err in sustaining those demurrers.

By his seventh plea the defendant alleged as a set-off against the plaintiff's demand the existence of an in- debtedness of the plaintiff to him for the amount of a commission on a sale of a Pierce-Arrow automobile made to the plaintiff by the defendant as the agent of the automobile company. There was an absence of any evidence of the plaintiff being so indebted to the de- fendant, as, while the evidence showed that the plaintiff purchased such automobile through the defendant as the agent of the automobile company, it is also showed that he paid to the defendant the amount of its cost, and that by the terms of the agreement between them, in pursuance of which the amount of the note sued on was advanced by the former for the benefit of the latter, the plaintiff was entitled to get such automobile at cost. With the evidence in this condition, the defendant could not have been prejudiced by testimony of the plaintiff to the effect that he had not agreed to pay the defendant any commission on the sale of the automobile. This testimony merely negatived the existence of a fact, the burden of proving which was upon the defendant, and of the existence of which there was no evidence.

The only remaining assignment of error seeks to pre- sent for review the action of the court sitting without a jury, in rendering judgment for the plaintiff on the evidence adduced. The bill of exceptions does not dis- close any finding by the trial court on the evidence.

This being true, under the statute governing in such case (Acts of Ala. 1888-89, p. 992, 998, § 11), the conclusions and judgment of the trial court upon the evidence are not presented for review.—*Morey v. Monk,* 142 Ala. 175, 38 South. 265; *King v. Ben F. Barbour Plumbing & Electric Co.,* 1 Ala. App. 639, 55 South. 1030.

Affirmed.