### 10617. DAVIS *v.* THE STATE.

LUKE, J.. Section 22 of the act passed by the General Assembly of the State of Georgia at its extraordinary session held in March, 1917, provides that "it shall be unlawful for any corporation, firm or individual in this State to knowingly permit or allow anyone to have or possess or locate on his premises any apparatus for the distilling or manufacturing of the liquors and beverages specified in this act." Under this law an indictment was found against the accused, alleging that he "did unlawfully permit and allow, and did have and possess and locate on his premises . . apparatus for the distilling and manufacturing of spirituous, vinous, malted and fermented and intoxicating liquors and beverages, said apparatus consisting of a complete still and two barrels of 'mash' and 'mobby.'" On the trial of the case a witness testified: "I found a copper still and two barrels of 'mobby' on Mr. Davis' premises. The still was in running order, all except the worm and condenser. I found the body part of the still. To constitute a complete still it takes what we call the 'pot,' or body part of the still (that is the part they put the 'mobby' in), the boiler, and a cap (that is the top that goes over the boiler), and worm leading to the condenser, leading through a barrel of water." *Held:*

1. Neither "mash" nor "mobby" is a part of the "apparatus for the distilling or manufacturing" of the liquors referred to in the statute.
2. The evidence quoted above does not show that a "complete still" was found on the premises of the accused, and therefore is insufficient to support the allegation in the indictment.

     *Judgment reversed. Broyles, C. J., and Bloodworth, J., concur.*
          DECIDED NOVEMBER 4, 1919.

Indictment for misdemeanor; from Glascock superior court—Judge Walker. April 25, 1919.

*E. T. Shurley,* for plaintiff in error.

*R. C. Norman, solicitor-general,* contra.