# CASES

## DECIDED IN THE

# COURT OF APPEALS OF GEORGIA

### AT THE

## MARCH TERM, 1920

---

### 11185.   STRICKLAND *v.* THE STATE.

One who knowingly has in his possession on his premises the boiler and worm of a still used for distilling intoxicating liquor may be convicted under an indictment which charges him with having knowingly had in his possession on his premises "a certain apparatus" for distilling and manufacturing such liquor, although it may appear from the evidence that a cap would be necessary to complete the still for that purpose, and that no such cap was found in his possession. *Davis v. State*, 24 *Ga. App.* 319 (100 S. E. 782), distinguished.

The charge of the court was not subject to the exceptions taken; it sufficiently covered the requested instruction, and the evidence authorized the verdict.

DECIDED MARCH 2, 1920.

Indictment for misdemeanor; from Cobb superior court — Judge Morris. December 9, 1919.

*C. M. Dobbs, Clay & Giles,* for plaintiff in error.

*John T. Dorsey, solicitor-general, William Butt,* contra.

BLOODWORTH, J. The indictment charged that the defendant did "knowingly have in his possession . . . a certain apparatus for the distilling and manufacturing of intoxicating liquors and beverages." Upon the trial of the case the sheriff testified: "I received information that Perry Strickland was running a still, and I went to his home in Cobb county, along about the first of the year. . . . I searched the home of the defendant

1

and I found a still in the bedroom. In the basement I found 25 or 30 gallons of beer and three pecks — something like three pecks — of meal. It was a copper still. There was a pot and worm. The pot that they boil in was sitting behind the bed in the bedroom, and the worm was on the bed under the cover. I never measured the still, but it would hold, I guess, 20 or 25 gallons. What I found was an apparatus used for the manufacture and distilling of intoxicating liquors. (On cross-examination.) To constitute a complete still it takes what is called a pot or body part of a still to boil in; that is what they do the boiling in, is the pot; then it takes a cap, which is the top that goes over the boiler; then it takes a worm that leads through a condenser. There wasn't any cap there; I couldn't say it was a complete outfit. I stated what I found there; a man has to have a cap to make liquor. The apparatus found there was only a boiler and worm. I didn't find any cap. The meal I found was sprouted corn. Wasn't any sign that the still was running. Perry told me that he found this apparatus in the cane-brake on the creek. (On examination by court.) The material I found is used for making whisky. I found 25 or 30 gallons of beer in a 50-gallon barrel. It was half full, possibly a little over. The beer is used for making whisky — intoxicating whisky. (Cross.) You would have to have a cap to make liquor with the apparatus I found in Perry's place, and I didn't find a cap there; therefore you couldn't make intoxicating liquors with that apparatus. (Redirect.) In the basement there was a place fixed for the smoke to go from down in the basement up into the chimney of the kitchen, but there wasn't any furnace built — there was a place for the smoke to go from the basement. I examined the branch and the land around where the house was located, but I don't think I found anything. There is a branch on this place, but not right near the house. There are three rooms and a hall, and I went into all the rooms, but I did not find the cap. (Cross.) I stated a while ago that this still had a boiler and worm, but no cap. I don't think you could make liquor with [without?] a cap. Perry couldn't have manufactured or distilled any intoxicating liquor or beverages on the outfit I found without a cap, and the cap wasn't there. What I found was just part of the apparatus to distil, manufacture, and make liquor. It takes a cap to make

a complete outfit, and I found no cap there. (Direct.) The apparatus I found there was used for making whisky. It wasn't a complete outfit, on account of the absence of the cap. The cap is the part that fits over the top of the boiler, and a long spout runs out and goes into the worm. The boiler and worm were both copper and [in?] the apparatus I found." The defendant introduced no evidence, and in his statement denied his guilt, and contended that he found the apparatus in a cane-brake while hunting, and did not know what it was. The jury returned a verdict of guilty. The defendant made a motion for new trial, which was overruled by the court, and the defendant excepted.

1. Error is assigned upon the following charge of the court: "If you believe, beyond a reasonable doubt, that this defendant did have in his possession a copper still and worm, and that was an apparatus — have in his possession on his premises, as charged in the indictment and as I have already explained, under distilling and manufacturing of liquor, intoxicating liquor or beverages, why he would be guilty under the law, even though that wasn't a complete outfit for the manufacture of liquor. If he had a still and worm, and that was a part of an apparatus used for the manufacture of liquor, as I have already charged you, and as set out in the indictment, . . . and that still and worm — they were an apparatus used for the distilling or manufacturing of intoxicating liquor, why he would be guilty under the law, even though he didn't have the cap, if he didn't have a cap, as insisted on the part of the defense, which would be necessary, as they contend, for the making of a complete apparatus for the manufacturing of liquor. As I have charged you, if he had a part of an apparatus for the distilling or manufacturing of intoxicating liquors — if he had it as charged in the indictment and as I have already explained, under the rules given you, why he would be guilty under the law, even though he didn't have a complete apparatus necessary for the manufacture of liquor." The movant contends, in substance, that this charge was erroneous and prejudicial to the defendant, because the term "apparatus," as used in the act under which defendant was indicted, means a "complete apparatus," and all the apparatus necessary for the making of whisky; and cites as authority for this contention the case of *Davis* v. *State*, 24 *Ga. App.* 319 (100 S. E. 782). That case is not in point. In that case the indictment

charged possession of an apparatus "consisting of a *complete still;*" and, having charged that the apparatus constituted a complete still, the State was required to prove the allegation. See *Sou. Express Co.* v. *State,* 23 *Ga. App.* 71 (2) (97 S. E. 550), and cit. In the instant case the indictment described the apparatus as "a certain apparatus for the distilling and manufacturing of intoxicating liquors," and the State proved that the apparatus found on the defendant's premises was for use in the manufacture and distilling of intoxicating liquors. The indictment did not charge that all the apparatus for the manufacturing of liquor was there, nor did it charge that the defendant was in possession of a "complete still," as did the indictment in the *Davis* case. We interpret the word "apparatus," as used in this act, to mean any apparatus used to make intoxicating liquors. If it were necessary for the State to prove that the apparatus was complete in every detail, it would defeat the real purpose and intent of this law; for the distiller could make liquor to his heart's content, then take off a cap or some small but essential part of the apparatus until ready to resume his work, and, if the officers found the still in the meantime, he could easily evade the law by proving that the apparatus was not all there. We see no error in the charge as complained of above. See *Williams* v. *State,* 61 *Ga.* 417, 418. This disposes of the 1st, 2d, and 3d grounds of the amendment to the motion for a new trial, which were argued together in the brief of counsel for the plaintiff in error.

2. There is no merit in the 4th ground of the amendment to the motion, the judge having substantially covered in his charge the charge requested, to the effect that if the defendant found on his place an apparatus for making liquor as charged, and did not know what it was, and it was afterwards found in his possession, and he had no intention to violate the law, he should be acquitted.

3. The evidence amply supports the verdict, which has the approval of the trial judge; no error of law appears, and the judgment is        *Affirmed.   Broyles, C. J., and Luke, J., concur.*