### 12576.  CODY *v.* THE STATE.

BLOODWORTH, J.  The motion for a new trial in this case contained no special grounds.  There was some evidence to support the verdict, which is approved by the presiding judge, and the judgment is

*Affirmed. Broyles, C. J., and Luke, J., concur.*

DECIDED JULY 26, 1921.

Indictment for disturbing worship; from Taliaferro superior court — Judge Shurley.  May 23, 1921.

*J. A. Beazley,* for plaintiff in error.

*M. L. Felts, solicitor-general,* contra.

---

### 12577.  STRICKLAND *v.* THE STATE.

BROYLES, C. J.  1.  It is unlawful for any person to knowingly permit or allow any one to possess or locate on his premises any apparatus for the distilling or manufacturing of intoxicating liquors.  The finding of any such apparatus upon a person's premises is prima facie evidence that the person in actual possession of the premises had knowledge of the existence of the apparatus upon the premises, and the burden of proof is upon him to show the want of such knowledge.  Act of March 28, 1917, Ga. L. Ex. Sess. 1917, p. 18, sec. 22.

2.  In order to convict a person of knowingly having upon his premises any apparatus for the distilling or manufacturing of intoxicating liquors, it is not necessary for the State to prove, unless it is so charged in the indictment, that a complete apparatus, or all the apparatus necessary for the making of whisky, was found upon the premises. *Strickland* v. *State,* 25 *Ga. App.* 1 (102 S. E. 383).

3.  Under the above rulings, the defendant's conviction in the instant case was authorized by the evidence, and, the verdict having been approved by the trial judge and the motion for a new trial containing only the usual general grounds, the judgment is

*Affirmed.  Luke and Bloodworth, JJ., concur.*

DECIDED JULY 26, 1921.

Accusation of possessing distilling apparatus; from city court of Douglas — Judge Henson.  May 14, 1921.

*R. B. Chastain,* for plaintiff in error.

*J. A. Roberts, solicitor,* contra.