### CHESTER SKINNER V. THE STATE.

#### No. 10473.  Delivered January 5, 1927.

**1.—Possessing Equipment—Evidence—Held Sufficient.**

Where. on a trial for the possession of equipment for manufacturing intoxicating liquor, it was shown that appellant was in possession of a complete still, with the exception of the worm that goes with the still, this was sufficient.  It is not necessary that the equipment found shall be complete and sufficient for that purpose, if the articles found support the fact that the appellant's purpose in having the equipment actually found, was to use the same for the purpose of manufacturing such liquor.

**2.—Same—Indictment—Amending As to Form—Held Proper.**

Where an indictment has been amended as a matter of form, as is authorized by Art. 533, C. C. P. of 1925, and appellant was then permitted to withdraw his announcement of ready, select a new jury and try the case *ab initio*, no error is shown, nor was appellant entitled to an additional two days before he could be placed upon trial.

**3.—Same—Evidence—Properly Admitted.**

Where, on a trial for possessing equipment for the purpose of manufacturing intoxicating liquor, there was no error in permitting the state to show that at the time of the discovery of the equipment there was also found a barrel of mash and containers having in them whiskey in appellant's possession.  This testimony was pertinent, in establishing the purpose for which he possessed the equipment.  Following Thielepape v. State, 231 S. W. 770.

**4.—Same—Charge of Court—Definition of Still—Not Necessary.**

Appellant's complaint of the charge of the court for its failure to define a "still" cannot be sustained, for the reason that it is not necessary that the equipment found shall be sufficient to manufacture intoxicating liquor, if it be shown that its possession was for the purpose of manufacturing such liquor, and that it was suitable for such purpose.

Appeal from the District Court of Upshur County.  Tried below before the Hon. J. R. Warren, Judge.

Appeal from a conviction for possessing equipment for the purpose of manufacturing intoxicating liquor; penalty, one year in the penitentiary.

The opinion states the case.

*Carroll Florence* of Gilmer, for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

LATTIMORE, JUDGE. — Conviction in District Court of Upshur County of possessing equipment; punishment, one year in the penitentiary.

The facts in this case are very short, consisting of the testimony of only one witness. Sheriff Bryce testified that he was at appellant's house on or about March 1, 1926, and found on his premises a copper still and a copper thump keg, same being in a storm house. He further stated that said still was equipment for the manufacture of intoxicating liquor. He also stated that he found a barrel of mash, and a number of fruit jars and glass jugs which contained whiskey. He said this property was in appellant's possession. On cross-examination he testified that he did not find any worm to go with the still.

Upon this testimony appellant insists that the court should have instructed a verdict of not guilty and for this refusal the case should be reversed, appellant's proposition being that it is necessary, in order to support a conviction for the offense charged against appellant, that he be shown to have been in possession of equipment sufficient to manufacture intoxicating liquor. We are not in accord with appellant's contention. There is nothing in the statute making penal the possession of equipment for manufacturing intoxicating liquor, which requires that the equipment found be in and of itself sufficient for that purpose. It is manifest that if appellant's contention be sound, then unless the state discovered the equipment when actually engaged in the manufacture of liquor, prosecutions could easily be defeated by the removal of any part of the equipment and secreting same where it could not be found.

The plain interpretation of the language of our statute makes guilty any person who possesses equipment for the purpose of manufacturing intoxicating liquor, and we observe in the testimony of the officer the statement that the still and thump keg found by him was equipment for the manufacture of intoxicating liquor, and we conclude that the other articles found by him support the fact that appellant's purpose in having the equipment actually found, was to use same in the manufacture of such liquor.

Appellant has a bill of exception to the action of the court in permitting the state to amend its indictment. The amendment was merely in a formal part of said instrument, and after same was made appellant was permitted to withdraw his announcement of ready, select an entirely new jury, and try the case *ab initio*. This complaint we think without merit under the provisions of Art. 533, 1925 C. C. P. We are not in agreement with appellant's contention that upon this amendment being made he was entitled to an additional two days before he

could be put to trial. The change made in the indictment was not one of substance but merely of form.

Appellant's third bill of exceptions presents his complaint of the reception of testimony of the finding of a barrel of mash and certain containers having in them whiskey, in appellant's possession at the time and place of the finding of the still, etc. Appellant's position seems to be that this is evidence of a separate and distinct offense. We are of opinion that the offenses are so related as to make proof of one material upon the trial of the other. One of the elements of the offense charged against appellant is the purpose for which he possesses the equipment, and this finds support in his possession of the raw material, also the finished product. Thielepape v. State, 231 S. W. 770.

We are not impressed with appellant's contention that the court should have defined a still. Appellant's exception to the charge on this point seems to be based on the proposition that same should have informed the jury that unless the still, etc., found in his possession was equipment sufficient to manufacture intoxicating liquor, he should not be convicted. As stated above, we are not in accord with this view of the law.

Being unable to agree with any of the contentions made, the judgment will be affirmed.

*Affirmed.*