## No. 12,146.

### TELL v. THE PEOPLE.

Decided July 9, 1928. Rehearing denied September 10, 1928.

Mr. BENJAMIN WOODCOCK, for plaintiff in error.

Mr. WILLIAM L. BOATRIGHT, Attorney General, Mr. WILLIAM W. GAUNT, Assistant, for the people.

*En Banc.*

MR. JUSTICE BUTLER delivered the opinion of the court.

G. B. TELL, the plaintiff in error, was convicted of having in his possession and operating a still used for the manufacture of intoxicating liquor.

Tell operates a farm rented by him. The evidence shows the following facts: On March 8, 1928, two officers visited Tell's premises. In a bunk house near the dwelling house they found a heater, a pressure tank and a

funnel. The heater is a burner "fixed to attach to the tank." The tube was missing. About 50 feet back of the dwelling house there was an excavation about 7 feet deep, boarded up on all four sides. A door opened therefrom into a room, "excavated out about 8 x 8 feet." The room was covered over. In that room the officers found five barrels, in three of which there was mash "in various stages." In each barrel was a bag of cornmeal. There were over 300 gallons of mash there, and also a barrel of water "that could have been used as a cooler." Outside the fence west of the house were found 3 empty five-gallon kegs under some straw. Across the public road west of Tell's premises, about 75 feet from Tell's fence and about 75 yards from his house, the officers found, on a ditch bank on unoccupied land, a still and coil, around and over which were laid sweet clover and Russian thistles. The still, at the time it was discovered by the officers, smelled of mash. The officers never saw Tell at the spot where the still was found, and did not know whether he ever had the still on his premises or not. The habitation nearest Tell's house is about 300 yards west of it; "that is the only one around." A chemist testified that the sample of liquid furnished by one of the officers contained 8 per cent of alcohol by weight and about 8.66 per cent of alcohol by volume.

Not one word of testimony was introduced in behalf of the defendant. In view of the uncontradicted evidence in the case, the jury could conscientiously find no verdict other than the one returned.

The only assignment of error is that the evidence is insufficient to support the verdict. That assignment is without merit.

The judgment is affirmed.