[No. 21633.   Department One.   April 22, 1929.]

THE STATE OF WASHINGTON, *Respondent*, v. DART CONE, *Appellant*.[1]

*W. C. Donovan*, for appellant.

*Chas. W. Greenough* and *Ralph E. Foley*, for respondent.

TOLMAN, J.—Appellant was charged with the violation of the state liquor laws, by an information containing two counts.   The first count charged the crime of manufacturing intoxicating liquors with intent to sell; and the second count charged that, at the same time and place,

[1]Reported in 276 Pac. 541.

"... he did then and there wilfully and unlawfully have in his possession, a still intended to be used for the manufacture of intoxicating liquors."

Upon trial to a jury, the accused was found not guilty on the first count, and guilty on the second count. From a judgment on the verdict imposing a jail sentence, he has appealed.

By a motion for a directed verdict, a motion in arrest of judgment, and a motion for a new trial, the appellant raised but a single question, and that question is the only one presented on this appeal.

It appears from the evidence of witnesses produced by the state that the officers, armed with a search warrant, raided appellant's home, and upon search there found a small copper still, or boiler, a goose neck, a worm, a barrel of corn mash in process of fermentation, a wooden paddle for stirring the mash, a number of gallon and half-gallon jugs, sugar and cracked corn in sacks, an oil stove, a box containing filtering paper, measuring funnels, corks, coloring matter, whiskey testers and glasses. Not all were found in the same room, but were scattered in different parts of the house. The officers did not find the cap to what is called the still or boiler. When asked, on cross-examination, to assemble and put together the various items making up a still, it became apparent that the cap to the boiler was missing, and the officers frankly testified that the still could not be successfully operated without a cap or something of the same general nature which would serve the same purpose. Upon this "missing link," the various motions referred to were predicated.

■ ■ Rem. 1927 Sup., §§ 7347-1 and 7347-2, defines a still and the offense of possession of a still as follows:

"§ 7347-1. 'Still' Defined. The word 'still' in this act means an apparatus, device or combination of uten-

sils capable of being used in separating alcoholic spirits from any fermented substance.''

"§ 7347-2. Possession of Still. Every person who shall have in his possession or knowingly permit to be placed or kept in any building, or boat, or on any premises owned, leased, rented or occupied by such persons, any still used or intended to be used for the manufacture of intoxicating liquors capable of being used as a beverage, shall be guilty of a gross misdemeanor.''

The language of the statute is in itself significant. It does not define a still as an instrumentality capable of separating alcoholic spirits from any fermented substance, but does say that a still must be something capable of being used in so doing. The evidence here clearly shows that what was introduced in evidence as a still, though a small part was missing, was capable of being so used and, by supplying the missing part, successfully so used.

The evidence here indicates that many utensils in common and legitimate use may be also used in the manufacture of liquor, and of course the statutes do not forbid the possession of such utensils. But where, as here, a considerable number of parts are assembled, some of which are only useful in a still, together with all of the paraphernalia useful and necessary to distilling operations, it would not do for the court, as a matter of law, to take the question from the jury, simply and solely because some small but vital part, capable of being easily removed and concealed, was missing.

Appellant cites and relies upon a number of authorities, only a few of which it seems necessary to notice. In *Hodgkiss v. State,* 156 Ark. 340, 246 S. W. 506, evidence of the possession of less than a completed still was held sufficient to take the case to the jury, and the

judgment was reversed only because of the insufficiency of the indictment.

In *Pate v. State,* 1 Ala. App. 642, 99 South. 833, it is held that possession of parts of a still is *prima facie* evidence of the possession of a complete still; but there the verdict was to the effect that the accused had possession of parts of a still and the court held that possession of parts only was not an offense under the Alabama statute. To the same effect is *Scott v. State,* 20 Ala. App. 360, 102 South. 152. *Atchley v. State,* 22 Ala. App. 125, 113 South. 625, when carefully analyzed, appears to go no further. *State v. Randolph,* 296 S. W. (Mo.) 440, when its facts are considered, is not in point here.

Upon the other hand, authorities are not wanting to the effect that proof of possession of equipment, less than a fully complete still, under circumstances sufficient to indicate an intent to use it for distilling liquors, is sufficient to take the case to the jury.

*Rice v. State,* 107 Tex. Cr. 281, 296 S. W. 518; *Skinner v. State,* 105 Tex. Cr. 572, 289 S. W. 1012; *Cleckler v. State,* 22 Ala. App. 17, 112 South. 185; *Strickland v. State,* 25 Ga. App. 1, 102 S. E. 383; *Strickland v. State,* 27 Ga. App. 321, 108 S. E. 124; *Tell v. People,* 84 Colo. 340, 270 Pac. 551.

We therefore hold that the evidence was sufficient to take the case to the jury, and the judgment is affirmed.

MITCHELL, C. J., HOLCOMB, FULLERTON, and BEALS, JJ., concur.