[No. 22824. Department One. March 26, 1931.]

THE STATE OF WASHINGTON, *Respondent*, v.
F. C. JOHNSON, *Appellant*.[1]

*Anderson & Richards* and *Earl W. Husted,* for appellant.

*Charles R. Denney,* for respondent.

PARKER, J.—The defendant, Johnson, was, by information filed in the superior court for Snohomish county, charged in five counts with violations of our intoxicating liquor statutes. His trial in the superior court, sitting with a jury, resulted in a verdict of guilty of the charges in counts IV and V; that is, guilty of unlawful possession of intoxicating liquor, and guilty of unlawful possession of a still used for the manufacture of intoxicating liquor capable of being

[1]Reported in 297 Pac. 167.

used as a beverage. He was found not guilty of the other charges. Judgment of fines and jail sentences was rendered by the court against him upon the charges in counts IV and V, from which he has appealed to this court.

Contention is made in behalf of Johnson that the evidence does not support the verdict and judgment of his guilt of the charge made against him in count V of the information. A reading of the evidence convinces us that the jury was well warranted in believing that there was found by the officers in Johnson's possession upon his premises in a secreted cache, several receptacles containing a large quantity of moonshine whiskey and three barrels of mash; and in the cache, as well as elsewhere on his premises and in his possession, several appliances which, assembled, would constitute an efficient still for the making of moonshine whiskey. This, we think, was evidence sufficient to warrant the jury in finding Johnson guilty not only of possession of intoxicating liquor as charged in count IV, but also guilty of unlawful possession of a still as charged in count V. This branch of the case presents substantially the same inquiry as that presented in *State v. Cone,* 151 Wash. 619, 276 Pac. 541. Our disposition of that case, we think, conclusively answers this contention made in behalf of Johnson.

It is further contended in behalf of Johnson that he is at least entitled to a new trial because of claimed trial errors committed by the court to his prejudice. We have carefully examined all these claims and deem them wholly without merit and not calling for further discussion here.

The judgment is affirmed.

TOLMAN, C. J., MAIN, MITCHELL, and HOLCOMB, JJ., concur.