# Deal *v.* The State.

*Indictment for Assault with Intent to Murder.*

1. *Evidence; identity of defendant.*—On the trial of one indicted for assault with intent to murder, who is indicted jointly with two others, evidence that after the assault one of the three went across the street in the direction of a market place, is rendered admissible by evidence subsequently introduced tending to show that defendant was at that market place a few minutes after the cutting and there said he had cut the person alleged to have been assaulted.

2. *Criminal law; evidence; materiality.*—Evidence is inadmissible for defendant in a criminal case as to what office was held by the witness testifying and who made the arrest; the same being immaterial.

3. *Same; laying predicate for impeachment.*—Where no predicate has been laid for impeaching a witness, it is proper not to allow defendant to prove what statement was made by the witness after the difficulty as to who cut him.

4. *Witnesses; credibility; Code, §§ 1795, 1796.*—The fact that a witness has been convicted for burning a gin house is admissible as bearing on his credibility.

5. *Charge of court; conflict between oral charge and special charges.* On the trial of a criminal case, the giving at the request of the State of a charge asserting that the charges given at defendant's request are not in conflict with the general charge of the court, is not error, unless the record affirmatively shows that there was such conflict.

6. *Same; singling out portions of the evidence.*—In a criminal case a charge requested by defendant has an undue tendency to withdraw the jury's consideration from the whole to particular parts of the evidence, which asserts, that "If there is any one fact arising out of the evidence which is sufficient to create a reasonable doubt in the mind of the jury, then the jury should find the defendant not guilty."

7. *Same; involved and argumentative charge.*—In a criminal case a charge for defendant is involved and argumentative and properly refused which instructs that "Before the jury can convict the defendant they must be satisfied to a moral certainty not only that the proof is consistent with the de-

fendant's guilt, but that it is wholly inconsistent with every other rational conclusion, and unless they are so convinced by the evidence of defendant's guilt that they would each venture to act upon that decision upon matters of the highest concern and importance. to his own interest, then they must find the defendant not guilty."

8. *Assault with intent to murder; charge; former difficulty.* Where the only evidence of an attack on defendant by H., the person alleged to have been assaulted, related to a time preceding the difficulty in which defendant cut him, a charge is improper which predicates a right on defendant's part to cut such person in the last difficulty on account of what had occurred in the first.

9. *Same; fault in bringing on difficulty; invading province of the jury.*—A charge invades the province of the jury which asserts that the defendant "was without fault in bringing on the difficulty."

10. *Same; previous difficulty; charge.*—Where D. was being tried for an assault with intent to murder H., an instruction for defendant is argumentative and gives undue prominence to the conduct of H., which instructs the jury that "If the jury believe from the evidence that H. assaulted D. at the time of the difficulty, then they may consider the previous conduct of H. toward D., if they had had any previous intercourse, in determining how much force was necessary to repel the assault, unless they believe that D. was at fault in bringing on the difficulty."

11. *Same; invading jury's province; repelling assault.*—Where D. is on trial for assault with intent to murder H., a charge invades the jury's province which instructs that "If the jury believe from the evidence that H. attacked D. at the time of the difficulty, and that D. was without fault in bringing on the difficulty, then they cannot convict the defendant of an assault to murder, although you may find that D. used more force in repelling the difficulty than was reasonably necessary."

12. *Assault to murder; conspiracy; liability of one for acts of others.*—On the separate trial of one charged with two others with assault with intent to murder, where there is evidence tending to show a combination of purpose and effort to cut and murder the person alleged to have been assaulted, defendant is liable for the acts of his co-conspirators in carrying out that purpose as well as for his own acts; and a charge is properly refused which seeks to limit th evidence as to their acts to explain the conduct of defendant at and before the difficulty.

13. *Same; retreat; former difficulty; freedom from fault.*—On the trial of one charged with assault with intent to murder, there was evidence for defendant tending to show that on the same afternoon, but before the parties met in the cutting affray, H., the person alleged to have been assaulted, had cursed defendant and pursued him with a drawn knife; that shortly thereafter, as defendant was passing H., the latter caught him in the collar and knocked him to his knees, and that then while H. was on him, defendant drew his knife and cut H. *Held*: The defendant was entitled to have the jury instructed that "If the defendant was free from fault in bringing on the difficulty, then he was under no duty to retreat unless you believe he could have retreated without increasing his danger or with reasonable safety."

APPEAL from the Circuit Court of Henry.

Tried before the Hon. JOHN P. HUBBARD.

Henry Deal was indicted, jointly with two others, for assault with intent to murder one Hatcher. He demanded a severance, and on his trial was convicted.

The errors arising on the introduction of the evidence sufficiently appear from the opinion.

The court gave, at the request of the state, the following special written charges, viz: (1.) "The court charges the jury that if they believe from the evidence in this case beyond a reasonable doubt that the defendant on the first day of February, 1902, assaulted Monroe Hatcher with the intent to murder him, then they must find the defendant guilty as charged." (2.) "The court charges the jury that the written charges given at the request of the defendant in this case are not in conflict with the general charge of the court.

The court refused to defendant the following special written charges requested by him, separately, namely: (4.) "If there is any one fact arising out of the evidence which is sufficient to create a reasonable doubt in the mind of the jury, then the jury should find the defendant not guilty." (5.) "The court charges the jury that before the jury can convict the defendant, they must be satisfied to a moral certainty not only that the proof is consistent with the defendant's guilt, but that it is wholly inconsistent with every other rational

conclusion, and unless they are so convinced by the evidence of defendant's guilt that they would each venture to act upon that decision upon the matters of the highest concern and importance to his own interest; then they must find the defendant not guilty." (7.) "If the jury believe from the evidence that Hatcher was angry with Deal, and had attacked him with a knife just before the fight, then Deal had the right to defend himself with whatever force was reasonably necessary to repel the assault, if the jury further find that Hatcher was the assailant at the time of the difficulty, and if you further find that Deal could not have retreated without increasing his danger or with reasonable safety, and that Deal was without fault in bringing on the difficulty." (8.) "If the jury believe from the evidence that Hatcher attacked Deal at the time of the difficulty, then you must find the defendant not guilty, unless you believe beyond a reasonable doubt that Deal used more force than was reasonably necessary or unless you further believe that Deal could have retreated with reasonable safety or without increasing his peril. Deal was without fault in bringing on the difficulty." (9.) "If the jury believe from the evidence that Hatcher assaulted Deal at the time of the difficulty, then they may consider the previous conduct of Hatcher toward Deal, if they had had any previous intercourse, in determining how much force was necessary to repel the assault, unless they believe that Deal was at fault in bringing on the difficulty." (10.) "If the jury gelieve the evidence in this case, they must find the defendant not guilty." (11.) "If the jury believe from the evidence that Hatcher attacked Deal at the time of the difficulty, and that Deal was without fault in bringing on the difficulty, then they can not convict the defendant of assault to murder, although you may find that Deal used more force in repelling the difficulty than was reasonably necessary." (12.) "If the defendant was free from fault in bringing on the difficulty, then he was under no duty to retreat, unless you believe he could have retreated without increasing his danger or with reasonable safety." (13.) "The jury are not authorized to consider the evidence with ref-

erence to Keahey and Harman except in so far as it
may tend to explain the conduct of Deal, at and prior
to the difficulty."

The defendant appeals, and assigns said rulings upon
the evidence and the action of the court in reference to
said charges as error.

R. D. CRAWFORD, for appellant.

MASSBY WILSON, Attorney-Gentral, for the State.

SHARPE, J.—Defendant was tried separately on an
indictment charging him, and Keahey, and Harman
jointly, with an assault with intent to murder Hatcher.
Evidence for the State tended to show that the three
so indicted approached to where Hatcher stood and at
the same time attacked him with knives and that defen-
dant cut Hatcher's neck and each of the others cut his
clothes.

For the defense there was evidence tending to show
that on the same afternoon but before the parties met
in the cutting affray, Hatcher had cursed defendant
and had pursued him with a drawn knife, that shortly
thereafter as defendant was passing Hatcher the latter
caught defendant in the collar and knocked him to his
knees, and that then while Hatcher was on him defen-
dant drew his knife and cut Hatcher.

A witness who had testified that defendant, Keahey
and Harman fled after assaulting Hatcher, was against
defendant's objection allowed to testify that one of them
went across the street in the direction of a market place.
If to render this statement admissible as evidence it
was necessary to identify the person so testified about
as being the defendant, such identification was furnished
by evidence subsequently introduced which tended to
show defendant was at that market place a few minutes
after the cutting and there said he had cut Hatcher and
hoped he had killed him.

Defendant asked one of his witnesses what office he
the witness held and who made the arrest. An objec-
tion to this question was properly sustained. The mat-
ter inquired of was immaterial.

No predicate having been laid for impeaching Hatcher the court properly refused to allow defendant to prove what statement was made by Hatcher after the difficulty as to who cut him. The proof if made would have been hearsay.

Section 1796 of the Code gave the State a right to examine a witness for defendant touching his conviction for crime. The fact that the witness had been convicted for burning a gin house went to his credibility. Code, § 1795.

The first charge given at the State's instance was plainly correct.

What the court charged the jury orally is not shown by the bill of exceptions and therefore it cannot be seen that there was any conflict between the oral charge and the charges given in writing. In the absence of an affirmative showing that there was such conflict, the giving of charge 2 for the State cannot be deemed erroneous. *Home Protection of North Ala. v. Whidden,* 103 Ala. 203; *Davis v. State, ante.* p. 20.

With a single exception to be hereinafter noted the charges refused to the defendant were each bad.

Charge 4 had an undue tendency to withdraw the consideration of the jury from the whole to particular parts of the evidence as going to the creation of a reasonable doubt.

Charge 5 is involved and argumentative.—*Amos v. State,* 123 Ala. 51.

The only evidence of an attack with a knife made by Hatcher had relation to a time preceding the difficulty in which the defendant cut him. Charge 7 improperly predicates a right to cut Hatcher in the last difficulty on account of what had occurred in the first.

Charge 8 asserts that "Deal was without fault in bringing on the difficulty," and so unwarrantably proposed to withdraw from the jury the question of whose was the fault.

Charge 9 is argumentative and gives undue prominence to the conduct of Hatcher as exhibited previous to the cutting.

Charges 10 and 11 would each have invaded the jury's province.

If as the evidence tends to show there was as between defendant and Keahey and Harman a combination of purpose and effort to cut and murder Hatcher, defendant is responsible for the acts of Keahey and Harmon in carrying out that purpose as well as for his own acts; hence. the limitation which charge 13 purported to place on the effect of the evidence having refenence to Keahey and Harman was an improper one.

In view of the whole evidence and especially of that phase of it favoring the defense, the defendant was entitled to have the jury instructed as proposed by charge 12, that "if the defendant was free from fault in bringing on the difficulty then he was under no duty to retreat unless you believe he could have retreated without increasing his danger or with reasonable safety." See *De Arman v. State*, 71 Ala. 351; Bish. New Crim. Law, § 875. The refusal of this charge was error for which the judgment will be reversed.

Reversed and remanded.