# Jackson *v.* The State.

## *Murder.*

(Decided May 9, 1912.  59 South. 171.)

1. *Homicide; Evidence.*—In a prosecution for murder, it was competent for the state to show the actions of defendant immediately after the killing, the location of defendant when he pointed his gun at deceased just before the killing, and that two of the bystanders were wounded by the two shots fired at deceased, such evidence being part of the res gestæ.

2. *Same; Prior Difficulty.*—While evidence of the fact and general nature of a former difficulty between deceased and defendant was admissible where some of the evidence supported the theory of self-defense, yet the details of the fight that occurred six hours before the killing formed no part of the res gestæ and was properly excluded.

3. *Same; Opinion.*—A witness for the defense was properly denied the right to testify to the conclusion that deceased made a motion towards his hip pocket "like he was going to draw a gun."

4. *Same; Character of Deceased.*—In a prosecution for murder, a defendant can show the general character of deceased for violence, but particular conduct, such as that deceased was addicted to drunkenness and crap shooting, and had been cut in a crap game could not be shown.

5. *Same; Instructions; Self-Defense.*—Charges asserting that defendant had a right to arm himself, if the jury believe from the evidence that he apprehended an attack; that if they believed that defendant carried his gun to defend himself if attacked by deceased, he had a right to carry it, and that if they believed that defendant did not go back home for the purpose of getting his gun and coming back and renewing the difficulty, but rather to get his clothes at a pressing club, he had a right to take his gun, were properly refused as argumentative and misleading.

6. *Same.*—To justify a homicide on the grounds of self-defense there must not only have been reasonable appearance of danger in the actions of deceased, but the slayer must also have been free from fault in bringing on the difficulty, and unable to escape from the danger presented.

7. *Same.*—Although the circumstances of the killing may have been sufficient to induce a reasonable man in the then position of the slayer to believe that he was in immediate danger of great bodily harm, yet a slayer is not necessarily relieved from liability thereby unless, in fact, such circumstances actually produced the required belief in the mind of the slayer.

APPEAL from Jefferson Criminal Court.

Heard before Hon. M. FRANK CAHALAN.

Ed Jackson was convicted of murder in the first degree, and appeals. Affirmed.

The following charges were refused the defendant:

(12) "The court charges the jury that Ed Jackson had a right to arm himself by carrying a gun, if you believe from the evidence that he apprehended an attack."

(13) "If the jury believe that the defendant carried his gun for the purpose of defending himself in the event he was attacked by the deceased, and not for the purpose of provoking a difficulty, then I charge you, gentlemen, that he had a right to carry his gun."

(7) "I charge you, gentlemen, that if you believe from the evidence in this case that the defendant did not go back home for the purpose of getting his gun and coming back and renewing the difficulty, but that after he got home he left his clothes at the pressing club, that he had a right to take his gun with him."

(20) "I charge you, gentlemen of the jury, that in order to justify homicide on the ground of self-defense it was not essential that there should have been any actual or real danger to the life or person of the party killing. If there be an appearance of danger, caused by the act or demonstration of the party killed, or by words coupled with the act or demonstrations producing in the mind of the party slaying a reasonable expectation of death or some serious bodily injury to himself, then the party killing will be justified if he acts on such appearance of danger, and under such reasonable expectation of fear, even though it subsequently appears that there was in reality no danger."

(27) "A bare fear of the commission of the offense to prevent which the defendant used a deadly weapon

is not sufficient to justify it; but the circumstances must be sufficient to excite the fears of a reasonable man, and the attacking party must have acted under the influence of such fears alone. It is not necessary, however, to justify the use of a deadly weapon, that the danger be actual. It is enough that it be apparent danger, such an appearance as would induce a reasonable person in defendant's position to believe he was in immediate danger of great bodily harm. Upon such appearances a party may act with safety, nor will he be held accountable, though it would afterwards appear that the indications upon which he acted were wholly fallacious, and that he was in no actual peril. The rule in such a case is this: What would a reasonable person, a person of ordinary caution, judgment, and observation, in the position of the defendant, seeing what he saw, knowing what he knew, bona fide believe from this situation and these surroundings? If such a reasonable person, so placed, would have been justified in believing himself in imminent danger, then the defendant would be justified in believing himself in such peril, and in acting upon such appearances."

FRANK S. ANDRESS, for appellant. No brief reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. The particulars of the former difficulty between defendant and deceased were not admissible as they were too remote in point of time to constitute a part of the res gestæ.— *Gordon v. State,* 140 Ala. 29; *Stitt v. State,* 91 Ala. 10; *Lawrence v. State,* 84 Ala. 424. Particular acts or conduct on the part of deceased were not competent to prove his general character.—*Andrews v. State,* 109

Ala. 14; *Hussey v. State,* 87 Ala. 121; *Davenport v. State,* 85 Ala. 336; *Jones v. State,* 76 Ala. 9. Charges 12, 13 and 17 were properly refused.—Acts 1909, p. 258.

SOMERVILLE, J.—Defendant was convicted of murder in the first degree for killing one Jesse Boston.

It was proper for the state to show that immediately after the killing, which occurred on a street in North Birmingham, defendant turned around and left the place, going in the direction of the Dimmick Pipe Works; and also that when the witness saw defendant pointing his gun at deceased just before the killing defendant was at the corner of the Pressing Club, on the sidewalk. These matters were clearly a part of the res gestæ, as was also the fact that two of the bystanders, Young and Lightsey, were struck and wounded by the two gunshots fired at deceased.

The fact and general nature of a former difficulty between deceased and defendant was, of course, admissible for defendant, in view of the tendency of some of the evidence to support the theory of self-defense.— *Rutledge v. State,* 88 Ala. 85, 7 South. 335. But the details of the encounter cannot be shown, where it is so separated in point of time or circumstances from the act charged as to constitute no part of the res gestæ of that act.—*Garrett v. State,* 76 Ala. 18; *Sitt v. State,* 91 Ala. 10, 8 South. 669, 24 Am. St. Rep. 853. The trial court therefore did not err in excluding the details of the fight that occurred between deceased and defendant about six hours before the killing, and of which it formed no part.

It was not competent for defendant's witness to state that deceased made a motion toward his hip pocket "like he was going to get a pistol." This was but a conclu-

sion of the witness, and could have been no better than a mere guess.

It was competent for defendant to show the general character of deceased for violence, and he was allowed to show that he was a "fussy, quarrelsome man, and would fight." But the evidence offered to show particular conduct, as that deceased was addicted to drunkenness and crap shooting, and that he was once cut in a crap game, was properly rejected.—*Steele v. State,* 83 Ala. 20, 3 South. 547.

Charges 12, 13, and 17, requested by the defendant, seek to instruct the jury that under certain conditions defendant had a *right* to arm himself and carry his gun with him, and that he was rightfully carrying it on the occasion of the homicide. These charges are mere arguments on the evidence. They are calculated, too, to mislead the jury, and for both reasons they were properly refused.

Charges 20 and 27, refused to defendant, are clearly deficient as a statement of the law of self-defense, in that they omit entirely the questions of freedom from fault in bringing on the difficulty, and the possibility of escape from danger, as qualifications of the right to act on the reasonable appearance of danger.

Charge 27 is also objectionable as authorizing one to kill in self-defense under circumstances sufficient to induce a reasonable person in defendant's position to believe that he is in immediate danger of great bodily harm, regardless of the actual fact, without any predicate that those circumstances actually produced such belief in the mind of the slayer.—*Jackson v. State,* 78 Ala. 471.

We find no error in the record, and the judgment will be affirmed.

Affirmed. All the Justices concur, except DOWDELL, C. J., not sitting.