# Davis *v.* The State.

## *Violating Prohibition Law.*

(Decided February 11, 1913.    61 South. 483.)

1. *Appeal and Error; Transcript; Preparation.*—Where no question is raised with reference to the venire or organization of the petit jury, in the court below, it should not be included in the transcript and will be stricken on appeal.

2. *Charge of Court; Reasonable Doubt.*—A charge asserting that if from the testimony there was a probability of defendant's innocence, this is a just ground for a reasonable doubt, and if such

[Davis v. The State.]

probability exists in the case, the defendant should be acquitted was proper and should have been given.

APPEAL from Geneva County Court.

Heard before Hon. JOHN A. CAMPBELL.

Rachael Davis was convicted of violating the prohibition .law, and appeals. Reversed and remanded.

Charge 4 is as follows: "If, from the testimony, there is a probability of defendant's innocence, that is a just ground for a reasonable doubt; and, if such probability exists in this case, you cannot convict the defendant."

J. F. JOHNSON, for appellant. Charge 4 was improperly refused, as was charge 5.—*Ganey v. The State,* 141 Ala. 72; *Henderson v. The State,* 120 Ala. 365; *Whittaker v. The State,* 106 Ala. 35;. *Croft v. The State,* 95 Ala. 3. Counsel discuss other assignments of error relative to charges, but without further citation of authority.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State. No question was raised as to the organization of the petit jury, and the transcript showing same should be stricken.—Section 6256, Code 1907; *Hatch v. The State,* 144 Ala. 50; *Tipton v. The State,* 140 Ala. 39. Charges 4 and 5 were properly refused.—*Liner v. The State,* 124 Ala. 1; *Welch v. The State,* 156 Ala. 112; *Nicholson v. The State,* 117 Ala. 32.

WALKER, P. J.—The motion made in this case to strike that part of the transcript which sets out the venire for, and the organization of, the petit juries is granted, as no question in reference to those matters was raised in the trial court.—*Redman v. State,* 8 Ala. App., 62 South. 992.

Following previous rulings in this state, it must be held that the instruction embodied in written charge 4, requested by the defendant, was one which he was entitled to have given, and that the court was in error in refusing to give it.—*Gainey v. State,* 141 Ala. 72, 37 South. 355; *Whitaker v. State,* 106 Ala. 30, 17 South. 456.

Reversed and remanded.