# Newton *v.* The State.

### *Burglary and Larceny.*

(Decided June 3, 1914.  Rehearing denied June 30, 1914. 65 South. 697.)

1. *Charge of Court; Covered by Those Given.*—It is not error to refuse charges substantially covered by written charges given.

2. *Same; Misleading.*—Where the defense was "not guilty" and "not guilty by reason of insanity," and issue was joined on both pleas, the defense relying largely on the latter plea, it was not error to refuse charges that the jury must be convinced beyond a reasonable doubt of the guilt of defendant before they can convict; and if a single juror has a reasonable doubt there can be no conviction, where said charges were not limited to the plea of "not guilty"; for while the charges might have been proper in themselves they were misleading as applied to the two issues.

APPEAL from Jefferson Criminal Court.

Heard before Hon. WILLIAM E. FORT.

Louis Newton was convicted of burglary and grand larceny and he appeals.  Affirmed.

DAVIS & DAVIS, for appellant.  The court erred in refusing the charge requested by defendant.—*Cook v. State,* 35 South. 665; *Mitchell v. State,* 30 South. 348; *Turner v. State,* 25 South. 272; *B. R. L. & P. Co. v. Goldstein,* 61 South. 281.  It is only necessary for a defendant to reasonably satisfy the jury of his insanity in order to secure an acquittal.—*Boswell v. State,* 63

[Newton v. The State.]

Ala. 307; *Ford v. State,* 71 Ala. 394. The mere fact that defendant pleads not guilty by reason of insanity does not relieve the state of proving defendant's guilt beyond a reasonable doubt.—Sec. 7177, Code 1907.

R. C. BRICKELL, Attorney General, and T. H. SEAY, Assistant Attorney General, for the State. The charge should have been limited to the plea of not guilty, and because of its failure to be so limited, it was misleading, and properly refused.—*Porter v. State,* 135 Ala. 51; *Parrish v. State,* 139 Ala. 16.

PELHAM, J.—The written charges are not numbered or otherwise identified as they should be for proper reference. The first charge insisted upon as error in brief filed by appellant's counsel is a charge refused to the defendant in the following language:

"The court charges the jury that, before they can convict the defendant, the evidence must be so strong as to convince each juror of his guilt beyond a reasonable doubt, and if after considering all the evidence a single juror has a reasonable doubt of defendant's guilt arising out of any part of the evidence, then they cannot convict him."

This charge, as has been frequently held, asserts a correct proposition, and its refusal upon request of the defendant will work a reversal of the judgment of conviction.—*Mitchell v. State,* 129 Ala. 23, 30 South. 348. See, also, *B. R. L. & P. Co. v. Humphries,* 171 Ala. 291, 54 South. 613, and authorities therein collected and cited.

The refusal of one other charge is insisted upon as error, but as this charge is fully covered by the written charges given at the request of defendant, it is unnecessary to discuss it.

[Newton v. The State.]

No other error is shown by the record, but the refusal of the charge we have pointed out necessitates a reversal of the judgment appealed from.

Reversed and remanded.

### ADDITIONAL OPINION.

The attention of the court has been called to what is said by the Supreme Court in the case of *Parrish v. State,* 139 Ala. 16, 36 South. 1012, as justifying the trial court in refusing the charge set out in our original opinion, and there held to constitute reversible error; charge No. 9 is the *Parrish Case* being identical with the charge passed upon in this case.

The original judgment entry shows issue joined alone on the defendant's plea of not guilty, but it is also shown by the record that the judgment entry was amended nunc pro tunc so as to show that the defendant, in addition to his plea of not guilty, filed a plea of "not guilty by reason of insanity," and that issue was joined and trial had upon both pleas at the same time. The defendant principally relied upon the latter plea as a defense, and introduced evidence in support thereof. The charge set out in the original opinion not having been limited in its operation and effect to the issues before the court on the defendant's plea of not guilty (under the influence of what is said in *Parrish v. State, supra*), it had a tendency to mislead or confuse the jury, and was properly refused. See, also, *Porter v. State,* 135 Ala. 51, 33 South. 694.

The former judgment reserving the judgment of the trial court is set aside, the opinion modified, and the judgment appealed from is ordered affirmed.

Affirmed.