## SHEARER v. STATE. (7 Div. 837.)

(Court of Appeals of Alabama. Jan. 30, 1923.)

1. **Criminal law** ⇐1144(6)—**Appellate court will not interfere with ruling on change of venue, where evidence was conflicting.**

In view of Code 1907, § 7851, providing that applications for change of venue may, after final judgment, be reviewed and revised on appeal, in reviewing a ruling refusing to grant a change of venue, the appellate court must give to the trial judge's finding the benefit of every presumption of its correctness, and will not interfere where the evidence for and against is substantially conflicting.

2. **Criminal law** ⇐364(4)—**Statement of accused, while running from place of homicide, held part of res gestæ.**

Where, immediately after defendant shot deceased while he and another man were running from the place of the homicide, defendant stated to the other, "I had nerve to do it," the declaration was produced by and was instinctive from the occurrence to which it related rather than retrospective narrative, and was part of the res gestæ.

3. **Criminal law** ⇐798(1)—**Argumentative charge properly refused.**

In a murder prosecution, where defendant's requested charge asserted more than the legal proposition that, if any one juror should have a reasonable doubt of defendant's guilt, growing out of any part of the testimony on consideration of all of it, defendant could not be convicted, and used words of persuasion, the charge was an argument, and its refusal was proper.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Spencer D. Shearer was convicted of murder in the second degree, and he appeals. Affirmed.

The following charge was requested by defendant and refused by the court:

"The court charges the jury that it is the duty of each and every member of the jury in this case to decide for himself the issues presented, and if, after a careful examination and consideration of all the evidence in this case, and the instructions of the court as to the law governing the case, and free consultation with his fellows, there is any juror who has a reasonable doubt of defendant's guilt, then you cannot convict the defendant."

Hugh Reed, of Center, for appellant.

Declarations made by defendant as he ran from the place of shooting were inadmissible. 142 Ala. 112, 38 South. 261; 2 Ala. App. 38, 56 South. 89. It was error to refuse a charge that, if any juror had a reasonable doubt of defendant's guilt, the jury could not convict. 103 Ala. 93, 15 South. 893; 122 Ala. 85, 26 South. 236.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] Applications for change of venue may, after final judgment, be reviewed and revised on appeal. Code 1907, § 7851. But, in reviewing the ruling of the court in refusing to grant a change of venue, the appellate court must give to the finding of the trial judge the benefit of every presumption of its correctness, and will not interfere where the evidence for and against is substantially conflicting. Horn v. State, 98 Ala. 23, 13 South. 329; 4 Michie's Dig. 559, par. 756. In this case the evidence on the question of a change of venue was in conflict, and the verdict of the jury is not such as to impress this court that it was rendered in passion or prejudice.

[2] Immediately after defendant had shot deceased, he and a man with him were running from the place of the homicide, and defendant said to the man with him: "I had nerve to do it." This being in close proximity to the shooting and so near to the scene, it may be affirmed as reasonably certain that the declaration was produced by and was instinctive from the occurrence to which it related, rather than the retrospective narrative of the occurrence. Such being the case, the declaration was a part of the res gestæ. Nelson v. State, 130 Ala. 83, 30 South. 728; Holyfield v. State, 17 Ala. App. 162, 82 South. 652; Newson v. State, 15 Ala. App. 43, 72 South. 579; Johnson v. State, 183 Ala. 79, 63 South. 163.

[3] It is the law, and has been so held many times, that, if any member of the jury have a reasonable doubt of defendant's guilt, growing out of any part of the testimony on a consideration of all the evidence, the jury cannot convict the defendant; it being apparent that, so long as one juror remains unconvinced, there can never be a verdict of 12 jurors. 4 Michie's Dig. 426, par. 543 (2). But, whenever a requested charge goes further than to assert the legal proposition, and uses words of persuasion, such charge becomes an argument, and is properly refused. 4 Michie's Digest, p. 427, par. 543. The motion for new trial was properly overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.