## COX v. STATE. (4 Div. 90.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 4, 1925.)

**1. Criminal law ⬅═786(3)—Charge on credibility of defendant's testimony proper.**

Charge in murder prosecution, that it was within jury's right to consider fact that defendant was interested in result, in considering testimony given in his own behalf, *held* proper.

**2. Criminal law ⬅═829(1)—Refusal of charge covered by other charge not ground for reversal.**

Refusal of charge, stating correct law was not ground for reversal, when same rule of law was fairly given in other charges, in view of Code 1923, § 9509, and Supreme Court rule 45.

**3. Criminal law ⬅═829(5)—Refusal of charge on retreat covered in main charge held not ground for reversal.**

Refusal of requested charge that, if defendant was free from fault in bringing on difficulties, he would be under no duty to retreat unless jury believed he could have done so without increasing his danger or with reasonable safety, *held* not ground for reversal under Code 1923, § 9509, and Supreme Court rule 45, since it was fairly covered in main charge.

**4. Criminal law ⬅═809 — Charge on self-defense held properly refused as misleading.**

Charge that if on evidence minds were left in such state of uncertainty that they could not say beyond reasonable doubt whether defendant reasonably believed that it was necessary to kill deceased to save himself and that he could not have retreated without increasing his peril such doubt would entitle defendant to acquittal *held* properly refused as misleading and confusing.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Wyatt Cox was convicted of murder in the second degree, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Cox, 213 Ala. 492, 105 So. 702.

Charge 8, refused to defendant, is as follows:

"(8) I charge you that if, after looking at all the evidence in this case, your minds are left in such a state of uncertainty that you cannot say beyond a reasonable doubt whether the defendant acted upon a well-founded and reasonable belief that it was necessary to take the life of the deceased to save defendant from great bodily harm or death, and that he could not have retreated without increasing his peril, or that he struck before such impending necessity arose, then this is such a doubt as would entitle the defendant to an acquittal, and you should so find."

E. C. Boswell, of Geneva, for appellant.

A charge dealing merely with the duty to retreat should have been given, and its refusal was error. Bluett v. State, 151 Ala.

41, 44 So. 84; Hammil v. State, 90 Ala. 577, 8 So. 380; Deal v. State, 136 Ala. 52, 34 So. 23; Cox v. State, 19 Ala. App. 205, 96 So. 83; De Arman v. State, 71 Ala. 351; Nordan v. State, 143 Ala. 13, 39 So. 406; Prince v. State, 100 Ala. 144, 14 So. 409, 46 Am. St. Rep. 28. A charge that, if the conduct of the defendant upon a reasonable hypothesis is consistent with his innocence, he should be found not guilty, is a correct statement of law. Gregory v. State, 140 Ala. 16, 37 So. 259; Sherrill v. State, 138 Ala. 3, 35 So. 129; Adams v. State, 133 Ala. 166, 31 So. 851. Charge 8 was correct, and should have been given. Cheney v. State, 172 Ala. 368, 55 So. 801; Cox v. State, 19 Ala. App. 205, 96 So. 83. The credence to be given the testimony of the defendant should be left to the jury, unembarrassed by instructions from the court bearing on its sufficiency. Green v. State, 19 Ala. App. 239, 96 So. 651; Norris v. State, 87 Ala. 85, 6 So. 371; Descrippo v. State, 8 Ala. App. 85, 62 So. 1004.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

RICE, J. The defendant was convicted of murder in the second degree, and appeals. The case has been here once before, and the decision may be found reported in 19 Ala. App. at page 205, 96 So. 83. The evidence is not so dissimilar upon this appeal from that on the former, but that the statement of facts contained in the above report can be used as a basis for what we here shall say.

The only exceptions to rulings of the trial court, not obviously without merit, are those treated by counsel for appellant in their excellent brief filed on this appeal, and no others will be discussed by us in this opinion.

[1] The exception reserved to the portion of the trial court's oral charge, wherein the jury were told that, when they came to weigh and consider the defendant's testimony, given while testifying as a witness in his own behalf, it "was within their right, within their privilege, to take into consideration the fact that he was the defendant and was interested in the result of their verdict," cannot avail anything. The said portion of said charge was in accordance with common sense and the law. Swain v. State, 8 Ala. App. 26, 62 So. 446; Tucker v. State, 167 Ala. 1, 52 So. 464. We do not understand our case of Green v. State, 19 Ala. App. 239, 96 So. 651, cited by appellant, to hold anything to the contrary.

[2] Written charge 3 refused to defendant has been approved as stating a correct proposition of law in probably others, but certainly the following cases: Gregory v. State, 140 Ala. 16, 37 So. 259, Howard v. State, 151 Ala. 22, 44 So. 95, and Wilson v. State, 14

Ala. App. 87, 71 So. 971. However, we are of the opinion that substantially the same rule of law was fairly given to the jury in defendant's written charge No. 5, in connection with the court's very fair and comprehensive oral charge, and that the defendant's rights were not injuriously affected by the refusal of the said written charge 3. Accordingly, by virtue of section 9509 of the Code of 1923, as well as Supreme Court rule 45, we are unwilling to predicate a reversal of the case on the action of the court in refusing said charge.

Charge 7, refused to defendant, was as follows:

"(7) I charge you that, if the defendant was free from fault in bringing on the difficulty, he would be under no duty to retreat, unless you believe he could have retreated without increasing his danger, or with reasonable safety."

This identical charge was approved upon the former appeal of this case, with the statement that it should have been given. The same charge was likewise approved by our Supreme Court in Deal v. State, 136 Ala. 52, 34 So. 23.

The trial court could have done well to have given it. However, in the oral charge of the court, we find these expressions:

"If he (defendant) were free from all fault in bringing on the difficulty between himself and the deceased, did not enter into the difficulty willingly, then in that event, if at the time he struck the blow he was being assaulted by the deceased, or it reasonably appeared from the conduct of the deceased that he was about to assault or strike the defendant, and that the assault being made or apparently about to be made upon him was of such a nature or character as that it would probably result in death, or serious bodily harm to him, then in that event he would be justified in using a deadly weapon, and striking, even to the death of the party assaulting him, or apparently about to assault him, unless he could have retreated, could have abandoned the difficulty, and thereby have prevented the necessity of taking the life of the party assaulting him, or apparently about to commit an assault and battery upon him. But, if he could have abandoned the difficulty, could have retreated with safety, and thereby have prevented the necessity of taking the life of the deceased, as under the law it was his duty to have done so, and if he could have done so with safety to his person, and failed to do so, then in that event he would not be entitled to an acquittal at your hands on his plea of self-defense. Where one is in the act of assaulting another, or from his acts and his conduct it is apparent to such other person that he is about to assault him, beat him, and that the assault or apprehended assault was one of such a nature or character as that it would likely or probably result in serious bodily harm to him, or injury to his person, then in that event, if he could not retreat with safety, could not abandon the difficulty, he would be justified in striking, even to the death of his adversary, provided he were free from all fault in bringing on the difficulty."

[3] We are of the opinion that the "same rule of law [contained in the defendant's refused written charge 7] was substantially and fairly given to the jury in the court's general charge" above quoted, and that its refusal did not injuriously affect any substantial right of the defendant. Therefore, under the authority of section 9509 of the Code of 1923, as well as Supreme Court rule 45, we will not predicate a reversal of the case upon the refusal of the said charge 7.

[4] We do not understand what was said in the opinion on the former appeal of this case (Cox v. State, 19 Ala. App. 205, 96 So. 83) to be a holding that defendant's refused written charge 8 (alleged by counsel to be identical with charge J treated on that appeal, with the interpolation of the words, "and he could not have retreated without increasing his peril") should have been given. The charge in our opinion is misleading and confusing, and was properly refused. But, were this not so, the same rules of law attempted to be stated therein were substantially and fairly given to the jury in defendant's given charge 9, in connection with the court's oral charge.

We have examined the entire cause with scrupulous care. Every exception reserved by defendant, and every ruling of the trial court as shown by the record has been critically considered. It appears that the defendant has had a fair and impartial trial. with his case submitted to a jury under very full, minute, and accurate instructions. No error prejudicial to any substantial right of his was committed. The few technical objections raised and argued here on appeal are clearly concerned with matters which did not affect the jury's finding. He has had the benefit of able and industrious counsel. There appears in the record no erroneous action of the trial court, sufficient upon which to predicate a reversal of the case.

Let the judgment be affirmed.

Affirmed.