174 So. 794

## WITT v. STATE.

### 6 Div. 41.

Court of Appeals of Alabama.

Jan. 12, 1937.

Rehearing Denied March 23, 1937.

J. Reese Murray, of Birmingham, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

SAMFORD, Judge.

This is the second appeal in this case. Witt v. State, 26 Ala.App. 465, 162 So. 137. On a retrial of the case in the circuit court, the defendant was again convicted of manslaughter in the first degree and sentenced to a term of nine years in the penitentiary.

A restatement of the facts in the case will not be necessary on this appeal, they having been sufficiently stated in the report of the case, supra. On this appeal, we content ourselves with saying simply that the evidence was in conflict as to each issue involved, and therefore the questions raised by the pleas of not guilty and self-defense were properly submitted to the jury.

It is insisted by appellant's counsel that the court erred in refusing to give written charges 5, 6, 7, 18, and 19. Of these charges, 5, 6, and 7 relate to the law of self-defense and, in each instance, the

principle there requested was amply covered by the court in his oral· charge and in given charges requested by the defendant in writing. Where this is the case, the refusal to give a written charge as requested will .not be made the basis of a reversal. Refused charges 18 and 19 relate to the degree of proof necessary to authorize a conviction, but neither of these charges is predicated on a consideration of the entire evidence in the case. For this reason, they were properly refused. Arrington v. State, 24 Ala.App. 233, 133 So. 592; Humber v. State, 21 Ala.App. 378, 108 So. 646, and authorities there cited.

The objections and exceptions reserved to excerpts from the argument of the solicitor are without merit. Counsel in the presentation of their cases must be allowed a wide range in exhortations to the jury to discharge the duties resting upon them, in such manner as, not only to punish crime, but to protect the public from like offenses, and as an example to deter others from committing like offenses.

Many decisions of the Supreme Court and of this court have been rendered on questions similar to the ones presented in this record, and, in each case, we have been careful not to so circumscribe the argument of counsel as to embarrass them in discharging the great duty resting upon prosecuting attorneys in the trial of criminal cases.

The motion for a new trial was properly overruled.

We find no error in the record, and the judgment is affirmed.

Affirmed.