32 So.2d 814

## BANKHEAD v. STATE.

### 6 Div. 387.

Court of Appeals of Alabama.

Nov. 25, 1947.

272

T. K. Selman, of Jasper, for appellant.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge.

For the admitted killing of Wheeler Thompson, the appellant was convicted of manslaughter in the first degree. The accused claimed self defense.

In the state of the proof it was clearly for the jury to determine whether or not the defendant had a legal excuse to shoot the deceased.

The matter of a continuance of a cause in the lower court always addresses itself to the sound, enlightened discretion of the trial judge. Newman v. State, 30 Ala.App. 529, 9 So.2d 768. There was not an abuse of this privilege in denying the motion for a continuance because the appellant's attorneys were also of counsel in another murder case which was set for trial during the same week as the case at bar. The progress of the trial of causes in our courts would be seriously hindered and delayed if we should pronounce such a rule as the appellant here proposes.

There were comparatively few objections interposed during the time the testimony was being taken. We will treat those that in our view merit discussion.

The shooting occurred in a room to a dwelling. The affray was the outgrowth of a disagreement over a card game in which both the defendant and deceased were participants. The appellant fired one pistol shot. The bullet passed through the neck or upper portion of deceased's shoulder. Immediately after receiving the infliction the wounded man ran out of the room and into the yard. There he fell and soon died. While he was lying on the ground he said to some person who came near, "He done kilt me." Objections were interposed to the introduction of this statement.

Even though it may not have been a part of the res gestae of the homicide, a question we do not here decide, it related to a fact that was not in dispute and the appellant could not have been injured by its admission in evidence. Hornsby v. State, 16 Ala.App. 89, 75 So. 637; Tarwater v. State, 16 Ala.App. 140, 75 So. 816.

A witness for the State volunteered an unauthorized statement to the effect that the bullet came out in the front of the neck of the deceased. On motion the court promptly excluded the assertion and emphatically and forcibly instructed the jury to disregard it. We will not charge error

to the trial judge because he denied a motion for a mistrial on account of the incident.

The State's objections were sustained to a question which sought to ascertain the reputation of the deceased for carrying a pistol. Affirmative proof was made of this inquiry at a subsequent time, and this without objections by the solicitor. George v. State, 240 Ala. 632, 200 So. 602; Norris v. State, 16 Ala.App. 126, 75 So. 718.

The court disallowed a witness to answer this question propounded by appellant's counsel: "Were you present at another crap game or skin game when Wheeler.threatened Curt?" The question is objectionable because it assumes a threat was made at the time, a fact riot then established. Alabama Great Southern R. Co. v. Neal, 8 Ala.App. 591, 62 So. 554. In any event, it was subsequently proven that the deceased threatened the defendant at a crap game prior to the time of the instant trouble. Authorities, supra.

Some officers investigated the homicide soon after it occurred. They found a bullet on the floor of the porch just outside the door where the deceased was standing when he was shot. Appellant's counsel interposed objections to the introduction of this exhibit. It is true there was no proof that this was the bullet that passed through the body of the deceased or that it was the one that was fired from the pistol of the accused. It was, however, found at the scene of the homicide in point of time and under such circumstances as to become within the res gestae of the main event. Ellis v. State, 244 Ala. 79, 11 So.2d 861.

It should be noted, also, that there was no dispute in the evidence that the defendant shot the deceased one time with a pistol. The prime question for the decision of the jury was whether or not the killing was justifiable. The fact that a bullet which was found at the scene was allowed in evidence could not, under the factual circumstances in the case, affect the substantial rights of the defendant. Supreme Court Rule 45.

Before the State rested its case in chief a witness was recalled and questioned more in detail concerning the occurrence relating to the homicide. In testifying, he reiterated and retold some statements he made when he appeared first on the witness stand. Appllant's counsel made repeated objections to this line of questioning and moved for a mistrial because of the claimed repetitions. The permitted procedure addressed itself to the court's discretion, and we are clear to the view that it was not here abused. King v. Ben F. Barbour Plumbing & Electric Co., 1 Ala. App. 639, 55 So. 1030; Sansom v. Covington County Bank, 17 Ala.App. 556, 87 So. 406.

As we have herein indicated, immediately after the deceased was shot he ran out into the yard, about thirty yards, and fell. The defendant followed forthwith and as he passed the wounded man, according to some witnesses, the former was heard to say, "I told you about fooling with me."

This was a part of the res gestae of the homicide and admissible. Bone v. State, 8 Ala.App. 59, 62 So. 455; Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Dempsey v. State, 15 Ala.App. 199, 72 So. 773; Shearer v. State, 19 Ala.App. 101, 95 So. 329.

We think, also, that this declaration evidenced some hostility to deceased which could be taken to antedate the time of the shooting and for this reason was admissible. Carter v. State, 205 Ala. 460, 88 So. 571; Smith v. State, 183 Ala. 10, 62 So. 864.

We come now to consider the written instructions which were refused to appellant.

Those from 1 to 8, inclusive, are affirmative. Clearly, a jury question was presented by the evidence.

Those numbered 12, 15, 16, 17, and 34 are each covered by either the oral charge or given written instructions. Title 7, Sec. 273, Code 1940.

Number 11 is invasive of the province of the jury and gives undue emphasis to only a part of the evidence. Blevins v. State, 20 Ala.App. 229, 101 So.

478; Goodwin v. State, 1 Ala.App. 136, 56 So. 29.

■ In the opinions in the cases of Bringhurst v. State, 31 Ala.App. 608, 20 So. 2d 885, and King v. State, 32 Ala. 134, 22 So.2d 448, we cited authorities which will illustrate why Charge 13 was properly refused. See also, Richardson v. State, ante, p. 40, 29 So.2d 883; Waller v. State, 32 Ala.App. 586, 28 So.2d 815.

■ Requested refused charge numbered 21 was held good in some of the earlier cases, but it has been condemned in some of the more recent decisions. McDowell v. State, 238 Ala. 101, 189 So. 183; Campbell v. State, 182 Ala. 18, 62 So. 57; Witt v. State, 27 Ala.App. 409, 174 So. 794.

■ To have given refused charge No. 22 in the instant case would have had a tendency to mislead the jury. Vernon v. State, 239 Ala. 593, 196 So. 96.

■ We observe that Charge 23 was approved by this court in the following cases: Huguley v. State, 4 Ala.App. 29, 58 So. 814; Cory v. State, 22 Ala.App. 341, 115 So. 700; Bufford v. State, 23 Ala. App. 521, 128 So. 126; Smith v. State, 28 Ala. App. 506, 189 So. 86. It was disapproved in: Freeland v. State, 26 Ala. App. 74, 153 So. 294.

It appears to us, and we so hold, that the situation in the case at bar is similar to and should be governed by the holding in the case of Russo v. State, 236 Ala. 155, 181 So. 502, 505. Justice Knight, in commenting on the refusal of a charge identical in verbiage to the charge now under review, observed:

"This charge was fully covered by other instructions given at the request of the defendant. The court had charged the jury that they must acquit the defendant unless shown to be guilty beyond a reasonable doubt. This charge given the jury was far more rigorous against the state than refused requested charge 38, as pointed out in the case of Edwards v. State, 205 Ala. 160, 87 So. 179. The refusal, therefore, of charge 38 involved no prejudicial error."

In the instant case the lower court, both orally and by written instructions, charged the jury fully and correctly as to the burden of proof required of the State before a conviction of guilt could be returned.

■ So far as our search discloses refused requested charge 25 was held to state a correct proposition of law in Mitchell v. State, 129 Ala. 23, 30 So. 348; Russell v. State, 201 Ala. 572, 78 So. 916; and Newton v. State, 11 Ala.App. 157, 65 So. 697. A contrary view was entertained by the Supreme Court in Cagle v. State, 211 Ala. 346, 100 So. 318, and by this court in Bringhurst v. State, 31 Ala.App. 608, 20 So.2d 885. We reaffirm the views, we expressed in the Bringhurst case, supra.

■ Charge 26 was considered and held erroneously refused in Bell v. State, 115 Ala. 25, 22 So. 526, and Bailey et al. v. State, 168 Ala. 4, 53 So. 390. However, our appellate courts receded from this position in the more recent cases of McClain v. State, 182 Ala. 67, 62 So.2d 241; Wilson v. State, 243 Ala. 1, 8 So.2d 422; and Witt v. State, 27 Ala.App. 409, 174 So. 794.

■ In Davis v. State, 7 Ala.App. 122, 61 So. 483, this court predicated reversible error upon the refusal of charge 27. However, the Supreme Court, in Wilson v. State, supra, held that the charge is misleading and confusing. We, of course, must follow the latter view. Title 13, Sec. 95, Code 1940.

■ Charge 29 was properly refused. Smith v. State, 230 Ala. 18, 158 So. 808.

■ With reference to charge 32 our diligent examination of the authorities brings us to a position that is somewhat confusing and uncertain. The charge was approved in the following cases: Deal v. State, 136 Ala. 52, 34 So. 23; Bluett v. State, 151 Ala. 41, 44 So. 84; Ex parte Johnson, 183 Ala. 88, 63 So. 73; Cox v. State, 21 Ala.App. 87, 105 So. 700; Holland v. State, 24 Ala.App. 199, 132 So. 601; and Lovelady v. State, 24 Ala.App. 502, 136 So. 871. The charge was disapproved in the early case of Williams v. State, 144 Ala. 14, 40 So. 405, because

of the peculiar facts applicable to that case. The Deal case, supra, was discussed and distinguished.

Unless we have failed to locate the case, the last time the Supreme Court reviewed the charge was in Pippin v. State, 197 Ala. 613, 73 So. 340, 342. The then Chief Justice Anderson wrote: "There was no error in refusing defendant's requested charge 23. If not otherwise bad, it assumes that defendant was in imminent peril at the time." Clearly to the writer this criticism is very sound and logical. Be this as it may, we adhere to the holding in the last expression of the Supreme Court. Title 13, Sec. 95, Code 1940.

 Our search of the authorities leads to the following findings with reference to requested refused charge Number 33: Approved in Black v. State, 5 Ala.App. 87, 59 So. 692; Bailey v. State, 11 Ala.App. 8, 65 So. 422; and Holland v. State, 24 Ala.App. 199, 132 So. 601. Disapproved in Hopkins v. State, 26 Ala.App. 213, 155 So. 891; Jackson v. State, 177 Ala. 12, 59 So. 171. It appears that we must at this time again disapprove it.

 The court properly refused charge Number 39. It gives undue prominence to a part of the testimony, and it is also argumentative in effect. Pellum v. State, 89 Ala. 28, 8 So. 83; Hall v. State, 134 Ala. 90, 32 So. 750.

 What we have already written will serve to illustrate our views of the correctness of the action of the court below in overruling the motion for a new trial. We have treated all questions presented by the grounds stated in the motion, unless it be that the verdict of the jury was contrary to the great weight of the evidence. We would do serious violence to the rule by which we are guided if we should hypothesize error for this reason. Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Booth v. State, 247 Ala. 600, 25 So.2d 427; Vernon v. State, 239 Ala. 593, 196 So. 96; Peterson v. State, 32 Ala.App. 439, 27 So.2d 27.

Despite the fact that we have not been assisted in our labors by a brief from appellant's counsel, we have attempted to comply fully with the provisions of Sec. 389, Title 15, Code 1940. We acknowledge the aid afforded by an excellent brief prepared by the Assistant Attorney General and filed in the cause.

We do not find any reversible errors in the record. It is, therefore, ordered that the judgment of the court below be affirmed.

Affirmed.