50 So.2d 286

**BRADFORD v. STATE.**

**I Div. 595.**

Court of Appeals of Alabama.

Jan. 30, 1951.

R. L. Jones, of Monroeville, and Paul S. Jones, of Grove Hill, for appellant.

A. A. Carmichael, Atty. Gen., and Thos. F. Parker, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

In the circuit court the accused was convicted of the offense of carnal knowledge of a girl over 12 years of age and under the age of 16 years. Title 14, Sec. 399, Code 1940.

The judgment below must be reversed. For obvious reasons, therefore, we will not delineate the tendencies of the evidence. We will state that the general affirmative charge was not due the defendant.

Two other written charges were refused to the appellant.

Number 1 was approved by this court in: Bufford v. State, 23 Ala.App. 521, 128 So. 126; Cory v. State, 22 Ala. 341, 115 So. 700; Smith v. State, 28 Ala.App. 506, 189 So. 86; Huguley v. State, 4 Ala. App. 29, 58 So. 814; Miller v. State, 24 Ala.App. 552, 137 So. 781.

In the case of Russo v. State, 236 Ala. 155, 181 So. 502, the Supreme Court held in effect that if the trial judge instructed the jury on the doctrine of reasonable doubt, it could then be said that the charge in question was substantially covered.

We adhered to this holding in Bankhead v. State, 33 Ala.App. 269, 32 So.2d 814.

In the case at bar the court both orally and by given written charges fully instructed the jury as to the rule of reasonable doubt.

Refused charge number 2 was approved by this court in Davis v. State, 7 Ala.App. 122, 61 So. 483. We abandoned this view and disapproved the charge in Bankhead v. State, supra, and Walker v. State, 33 Ala.App. 614, 36 So.2d 117.

This we were required to do because of the criticism of the instruction in the case of Wilson v. State, 243 Ala. 1, 8 So.2d 422. Title 13, Sec. 95, Code 1940.

In support of a stated ground in the motion for a new trial the following affidavit was introduced:

"State of Alabama  
·Clarke County

"Before me, Felton W. Garrick, Clerk of the Circuit Court of Clarke County, Alabama, personally appeared R. L. Jones, who is known to me, and who being by me first duly sworn deposes and says as follows:

"That he was the attorney defending Millard Bradford in the case tried against

him in the Circuit Court of Clarke County, Alabama, on March 24th, 1949, when the defendant was tried on the charge of carnal knowledge. That the jury was selected on said date, and a portion of the testimony for the State had been heard before noon; that the Court allowed the jury impanelled to try said case to separate during the noon recess on March 24th, 1949, before the evidence had all been introduced in said case, and allowed each juror to go his separate way during said noon recess; that said separation of the jury was permitted and allowed by the Court without the consent of the defendant or his counsel.

"Affiant further says that the evidence for both the State and the defendant had all been introduced and the jury had heard the arguments of counsel and the charge of the Court in said case before court adjourned on the afternoon of March 24, 1949; that after the Court had given its charge the jury was sent out to deliberate on the case and had deliberated on the same for an hour or more without having reached a verdict, and thereupon the Court permitted said jury to separate for the night of March 24, 1949, and each juror to go wherever he pleased without any supervision, which separation was without the consent of defendant or his counsel. The jury was permitted to assemble at the Court room on March 25th, 1949, for the purpose of continuing their deliberations in the case, and sometime thereafter returned a verdict finding the defendant guilty; that the Court permitted the jury to separate for the noon recess and for the night as aforesaid on its own motion without discussing the matter in any way with defendant or his counsel.

"(Signed) R. L. Jones
"Sworn to and subscribed before me this the 13th day of July, 1949.
"(Signed) Felton W. Garrick
Clerk of the Circuit Court of
Clarke County, Alabama."

The appellant made an affidavit to like effect, and it was also introduced.

It appears without conflict that the facts set out in these two documents were true.

In the case of Arnett v. State, 225 Ala. 8, 141 So. 699, the Supreme Court held in effect that the jury separation pending trial for felony offenses is prima facie sufficient to give right to a new trial. When the fact of the separation is established, the burden is cast on the State to affirmatively show that during the period of separation the jurors were not in any manner influenced against the substantial rights of the accused.

See also, Payne v. State, 226 Ala. 69, 145 So. 650; Harris v. State, 233 Ala. 196, 172 So. 347; Mitchell v. State, 244 Ala. 503, 14 So.2d 132; Lynn v. State, 250 Ala. 384, 34 So.2d 602; Melton v. State, 26 Ala.App. 265, 158 So. 196; Williams v. State, 26 Ala.App. 531, 163 So. 663; McElroy v. State, 30 Ala.App. 404, 7 So.2d 508.

In the case at bar the State did not introduce any evidence to rebut the presumption of injury.

There can be no doubt that we must hold that the motion for a new trial should have been granted.

There are some other questions presented and pressed for review. They are either without merit or will not likely reoccur on another trial of the accused.

It is ordered that the judgment below be reversed and the cause remanded.

Reversed and remanded.