266 So.2d 652

**John W. HAWES**

v.

**STATE.**

**8 Div. 135.**

Court of Criminal Appeals of Alabama.

Aug. 15, 1972.

Charles D. Rosser, Tuscumbia, for appellant.

William J. Baxley, Atty. Gen., and J. Victor Price, Jr., Asst. Atty. Gen., for the State.

PER CURIAM.

This appeal is from a conviction of manslaughter in the first degree with sentence fixed at seven years imprisonment.

On arraignment and again at the opening of the trial, appellant moved that he be committed to Bryce Hospital for psychiatric examination to determine whether he was mentally capable of standing trial. The motion was overruled each time by the court. It appears that on each occasion, the appellant was not confined, but free on bail.

There appears to be no statutory authority for such an order to be made by the court when the accused is not confined. Title 15, Code of Alabama 1940, Recompiled 1958, Sections 426 and 428.

Even when a defendant is confined, as provided in the statutes, the matter is discretionary with the court and it is under no duty to resort to those methods, but simply has the right to seek their aid for advisory purposes when in its discretion it would be helpful. Pace v. State, 284 Ala. 585, 226 So.2d 645; Howard v. State, 278 Ala. 361, 178 So.2d 520; Lokos v. State, 278 Ala. 586, 179 So.2d 714. No error appears in this action of the court.

Appellant plead not guilty and not guilty by reason of insanity. Before trial, on

voir dire examination of the jurors to determine their qualifications to serve on the case at bar, the following occurred:

"MR. ROSSER: Are there any other members of the jury venire who feel—who have read the paper about this or discussed it or in any other fashion been made aware of this accident who feel that unless evidence comes in to change what you already feel, that you would probably find this man guilty? Would you please stand and give your name?

"MR. PATTON: I want to object to this. Mr. Rosser is putting all of this information in and I say that the information is prejudicing the jury and then he turns around and asks them if they are prejudiced.

"MR. ROSSER: At this time, since the State Solicitor has made a speech or a statement before the jury stating that what I have said makes my defendant look bad and stating further that it is prejudicing my defendant, I move for a mistrial and that this case not be tried before this jury.

"BY THE COURT: I overrule the motion for a mistrial.

"MR. ROSSER: May they answer the question that I have asked them?

"BY THE COURT: Mr. Patton are you objecting to the question?

"MR. PATTON: Yes, sir.

"BY THE COURT: I sustain the objection to the question.

"MR. ROSSER: All right. Then I'll ask the same question, ladies and gentlemen, except I will say, any information that you had before you came into the courtroom today—that you read in the paper or heard on the news or talked to anyone about it. Do you have a feeling that unless some evidence comes into this case to change that information that you have—do

you feel that you would probably find this man guilty?

"MR. PATTON: Your Honor, I object. That is an improper question.

"BY THE COURT: I sustain the objection. I'll be glad to tell you why if you want me to."

Under Title 30, Section 52, Code of Alabama 1940, Recompiled 1958, the parties in a civil or criminal suit have a right to examine jurors as to the qualifications, interest or bias that would affect the trial of a case and, under the direction of the court, to examine jurors as to any matters that might tend to affect their verdict.

■ Although the extent and course of the examination is largely within the discretion of the court, the inquiry permitted under this section should be liberal and extend to any and all matters touching the interest, bias or qualifications of the prospective juror.

" * * * gives to parties having respective peremptory challenges or the right to a struck jury, the right within the limits of propriety and pertinence to reasonably propound questions to jurors to enable such party or his counsel to intelligently exercise that right, though the matters of which inquiry is made are not a disqualification. * * *" Dyer v. State, 241 Ala. 679, 4 So.2d 311; See also Vickers v. Howard, 281 Ala. 691, 208 So.2d 72. (See cases collected under Ala.Digest Volume 13, Jury ⊕131 (3, 4, 5, & 6).

■ We are of the opinion that under the authorities, supra, the court was in error in sustaining the State's objection to the questions propounded to the jury, as set out above.

■ The record shows the following on the cross-examination of appellant's witness, Mrs. Hawes, the mother of appellant:

"Q. Mrs. Hawes, have you seen anything in your son since he had this accident—

"MR. PATTON: I am going to object to that. It has no bearing on this case.

"BY THE COURT: If you can show me how it is admissible, I will let it in.

"MR. ROSSER: I think even his present condition today would be admissible on the question of insanity at the time this thing happened.

"BY THE COURT: The Court, at this time, is going to sustain the objection. If it is admissible, I certainly want to let it in but that is the best I can do right now."

In Nichols v. State, 276 Ala. 209, 160 So.2d 619, the Supreme Court stated:

"Where insanity is relied upon as a defense, every act of the accused's life which throws some light on such issue is relevant thereto. Hall v. State, 248 Ala. 33, 26 So.2d 566, and cases there cited.

"The issue of insanity gives much latitude, both to the defendant and the State, for the introduction of evidence of defendant's acts, declarations and conduct, prior and *subsequent to* the alleged crime, subject to the limitation that the acts, declarations and conduct inquired about must have a tendency to shed light on the accused's state of mind when the act for which he is being tried was committed. Hall v. State, 248 Ala. 33, 26 So.2d 566; Barbour v. State, 262 Ala. 297, 78 So.2d 328, and cases there cited; Annotation 8 A.L.R. 1219." (emphasis added).

It appears that the attorney for the appellant was attempting to show some conduct, act or declaration of the appellant since the incident for which he was being tried, but was cut off from doing so by the objection of the District Attorney and ruling of the court. After an explanation of the purpose of his question to the court by attorney for the appellant, he was denied the right to proceed on this course of examination by the court's adverse ruling. Under the authorities cited hereinbefore,

the action of the court was reversible error.

■■■ Both the appellant and one or more of his witnesses, were asked questions regarding appellant's drinking, which were objected to by appellant and the objections overruled by the court. The appellant, and some of his witnesses, testified to mental lapses or blackouts suffered by appellant over a period of years in which he would leave home sometimes for days, and not remember where he had been. Under the wide latitude allowed in the evidence where the plea of insanity is entered, this last named evidence was admissible and the questions directed to his drinking were properly allowed for purposes of impeachment and not to prove his intoxication at the time of the accident. He relied on the plea of insanity as a defense and not drunkenness. Deloney v. State, 225 Ala. 65, 142 So. 432; Nichols v. State, supra.

■■■ The appellant's attorney in ground two (2) of the motion for a new trial overruled by the court, claims he was directed by the court to advise the jury in his opening statement that there were two indictments pending against appellant, one for the killing of the deceased in the case at bar and one for killing another person in the same accident, and that he did make such statement, which was prejudicial to appellant's case.

He further claims that in closing argument to the jury, the District Attorney advised the jury that the State would not prosecute under the other indictment, which was also prejudicial.

No objection was made to the alleged action of the court and no ruling secured insofar as the record shows.

In Nichols v. State, 267 Ala. 217, 100 So.2d 750, the Supreme Court said:

"The general rule is that improper argument of counsel (or improper remarks from the court) is not a ground for a new trial or subject of review on appeal

unless there is due objection by counsel or a motion to exclude, a ruling thereon by the court and an exception thereto, or a refusal of the court to make a ruling. Washington v. State, 259 Ala. 104, 65 So.2d 704; Anderson v. State, 209 Ala. 36, 95 So. 171."

There are exceptions to the rule where the remark may be so highly prejudicial as that its prejudicial effect could not be removed by a retraction or instructions from the trial court. Espey v. State, 270 Ala. 669, 120 So.2d 904. However, the exception does not apply in the case at bar and no error appears.

■ The further remark of the District Attorney, in his argument to the jury, "It is the jury's duty to put this man in jail", objected to by appellant, was within the range of legitimate argument.

In Witt v. State, 27 Ala.App. 409, 174 So. 794, this court said in dealing with stronger argument by the Solicitor for the State:

" * * * Counsel in the presentation of their cases must be allowed a wide range in exhortations to the jury to discharge the duties resting upon them, in such manner as, not only to punish crime, but to protect the public from like offenses, and as an example to deter others from committing like offenses."

There was no error in the action of the court in overruling appellant's objection. We do not think the rule set out in Adams v. State, 280 Ala. 678, 198 So.2d 255, applies to the argument made in the case at bar.

■ The court, at appellant's request, gave twenty-two (22) written charges and refused fifty-two (52).

Charges 1, 2, 3, 4, 5, 8, 9, 20, 21, and 23 were on the law of proof beyond reasonable doubt by the state and were either covered by the oral charge or given charges for appellant. No error is shown here.

Under the evidence, the case was properly submitted to the jury on the pleas of not guilty and not guilty by reason of insanity and therefore charges 73, 74, and 109, which were affirmative, were refused without error.

Charges 76, 77, 78, 79, 80, and 82 dealt with evidence of good character and were fully covered by the oral charge and, therefore, properly refused.

Charges 89, 96, 97, 106, 107, and 108 were related to the degree of manslaughter, and were also fully covered by the oral charge and properly refused.

Charge 18 has been held bad if the court has charged on the question of reasonable doubt. The charge of the court in the case at bar was very full on this rule of proof, and there was no error in its refusal. Bradford v. State, 35 Ala.App. 561, 50 So. 2d 286.

The remainder of appellant's refused written charges were based on the different rules of legal insanity and those charges stating correct rules were covered by the oral charge of the court, which was very full and adequate on this subject. No error appears in the refusal of any of these charges.

For the error heretofore indicated, this cause is due to be reversed and remanded for another trial in the court below.

The foregoing opinion was prepared by W. J. Haralson, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Reversed and remanded.

CATES, P. J., and ALMON, TYSON and HARRIS, JJ., concur.