I dissent.
The majority holds that a defendant while out on bond is entitled to a jury trial to determine competency to stand trial. By its holding, the majority states that it has "modified" § 15-16-21, Code 1975. The majority ignores Hawes v.State, 48 Ala. App. 565, 266 So.2d 652 (1972), which held that there is no statutory authority to hold a competency hearing while a defendant is out on bond. Second, the majority seemingly relies on Edgerson v. State, 53 Ala. App. 581,302 So.2d 556 (1974), as a principal authority. In Edgerson the defendant was confined and the trial court considered that a competency hearing was a matter of discretion. All thatEdgerson held was that since Pate v. Robinson, 383 U.S. 375,86 S.Ct. 836, 15 L.Ed.2d 815 (1966), the provisions of § 15-16-21
were mandatory rather than discretionary. It is to be noted that the competency issue was raised at various times during Robinson's trial. There the Illinois Supreme Court had held, before the case got into the federal court stream, that Robinson had waived his right to a competency hearing. The U.S. Supreme Court held that a defendant's mental incompetency may manifest itself during a trial, and when that occurs the trial judge must hold a hearing to determine mental competency to stand trial. *Page 936 
Again, in Pierce v. State, 52 Ala. App. 422, 293 So.2d 483
(1973), a case cited by the majority, the Court of Criminal Appeals held that failure to suspend the trial sua sponte and hold a trial on defendant's competency to stand trial denied him due process. And, again, it is to be noted that the defendant was confined. Pierce was a capital murder case.
The court lacking statutory authority to hold a jury trial on the competency of LaFlore to stand trial, while she is out on bond, I would quash the writ as having been improvidently granted. I do not feel that LaFlore has been deprived of any federal or state constitutional right at this point in time.